**Ann Joy Bettis NOLAN, Appellant,**

v.

**James Jay BETTIS et al., Appellees.**

**No. 12624.**

Court of Civil Appeals of Texas, Austin.

Feb. 8, 1978.

Rehearing Denied March 1, 1978.

Robert L. Templeton, Templeton & Garner, Amarillo, for appellant.

Milton L. Bankston, Stubbeman, McRae, Sealy, Laughlin & Browder, Austin, for appellees.

SHANNON, Justice.

Appellees, James Jay Bettis, individually and as independent executor of the estate of James W. Bettis, Jr., and his brother, Douglas Dewey Bettis, sued appellant, Ann Joy Bettis Nolan, their stepmother, and four local attorneys. Appellees' suit sought damages and an order canceling a trustee's deed to appellant of three hundred and sixty-one acres of land located in Travis County. A different aspect of the controversy was litigated previously. 518 S.W.2d 396 (Tex.Civ.App.1975, writ ref'd n. r. e.). After trial to a jury, in the case at bar, judgment was entered for appellees canceling the deed and for damages for $27,000.

In the outset, we must determine whether or not this Court has jurisdiction to entertain the appeal. Jurisdiction of this Court turns upon determination that (1) the district court was empowered to entertain the suit; (2) the *nunc pro tunc* judgment entered by the district court was valid; and (3) the *nunc pro tunc* judgment was final.

Appellant argues that the district court was without power to entertain the suit. This is so, argues appellant, for the reason that appellees' suit was ". . . for trial of the right of property incident to an estate . . ." Tex.Prob. Code Ann. § 5(d) (Supp.1978), and, accordingly, exclusive jurisdiction was vested in the courts in Travis County "exercising original probate jurisdiction."

The Tyler Court of Civil Appeals held that matters or proceedings "incident to an estate," under § 5, apply to those matters or proceedings in which the controlling issue is the settlement, partition, or distribution of an estate. *Sumaruk v. Todd*, 560 S.W.2d 141 (Tex.Civ.App.1977); see Schwartzel & Wilshusen, *Texas Probate Jurisdiction: New Patches for the Texas Probate Code*, 54 Texas L.Rev. 372, 382–83 (1976). In the case at bar appellees sued appellant for fraud. In their suit, appellees sought recovery of $250,000 in actual and exemplary damages and an order canceling the trustee's deed to the acreage.

The Corpus Christi Court of Civil Appeals held that § 5 conferred on the probate court concurrent jurisdiction with the district court to entertain a suit to cancel a trustee's deed to land of an estate. *Folliott v. Bozeman*, 526 S.W.2d 577 (Tex.Civ.App. 1975, writ ref'd n. r. e.). The basis for the holding was that § 5 must be read in conjunction with Tex.Rev.Civ.Stat.Ann. arts. 1906 and 1951 (1964).

■ Under either *Sumaruk* or *Folliott* the district court had jurisdiction.

Appellees argue the invalidity of the judgment *nunc pro tunc*. A recitation of post judgment events is necessary to understand the argument. Judgment was originally signed by the district court on October 14, 1976. Eleven days later, and in the absence of a motion for new trial, the district court entered an order attempting to set that judgment aside. In that order, the court recited appellant's counsel had not received notice of entry of the judgment dated October 14, 1976 ". . . and in the interest of justice so that the defendant will not be deprived of her right to file a motion for new trial and for good cause shown, the court finds that said judgment dated October 14, 1976, should be set aside."

A second judgment, identical in terms to that of October 14, 1976, was signed by the court on November 22, 1976. Appellant then filed timely a motion for new trial and an amended motion for new trial. The district court entered an order on February 2, 1977, purporting to overrule the amended motion for new trial. Appellant filed a cost bond on February 25, 1977.

On February 5, 1977, the district court entered judgment *nunc pro tunc.*

■ Unless the *nunc pro tunc* judgment is valid, this Court has no jurisdiction of the appeal since the judgment of October 14, 1976, is final. The district court may not enter a judgment that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal. *Anderson v. Casebolt*, 493 S.W.2d 509 (Tex.1973); *Stewart v. Firemen's Relief & Retirement F. Tr. of Austin*, 489 S.W.2d 743 (Tex.Civ. App.1973, no writ). The judgments of October 14, 1976, and of November 22, 1976, are identical except for dates of entry, and the second judgment could serve no purpose other than to enlarge the time for appeal. This conclusion is supported by the district court's recitation in its order of October 25, 1976. The signing of the second judgment on November 22, 1976, did not extend the time for perfecting the appeal, and it was necessary for the bond to be filed within thirty days after the original judgment was signed on October 14, 1976. The filing of the bond on February 25, 1977, was, of course, too late.

■ We have concluded that the judgment *nunc pro tunc* is valid. The function of judgment *nunc pro tunc* is to correct *clerical* errors in the *entry* of judgment. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040 (1912); *Knox v. Long*, 152 Tex. 291, 257 S.W.2d 289, 293 (1953). A clerical error is one which does not result from judicial reasoning or determination. See Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Rev. 191, 195 (1973). For the judgment *nunc pro tunc* to be valid, the error must arise in the entry of judgment, and not in its rendition. *Id.* at 195; see *Finlay v. Jones*, 435 S.W.2d 136 (Tex.1969). As a result, whenever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical, so long as a product of judicial reasoning is not involved.

In the judgment *nunc pro tunc*, it is recited that the following sentence in the judgment of October 14, 1976, contains clerical errors:

"On the 13th day of April, the Court, upon stipulation of the parties, ordered the trial of the case bifurcated and ordered that the defendants, Charles Babb, Douglass D. Hearne and Tom Black, in their individual capacities, be severed from this cause and be granted a separate trial upon the allegations made against them by the plaintiffs under a new cause number . . ."

It is further recited in the judgment *nunc pro tunc* that:

"By a review of the court's file, and in particular the order of April 9, 1976, the court finds that the separate trial was ordered on the 9th of April, that it was done by order and not by stipulation, that defendants Charles Babb, Douglass D. Hearne, and Tom Black were granted a separate trial but were not severed from this cause, and that the case against defendants Charles Babb, Douglass D. Hearne, and Tom Black is not being docketed under a separate cause number. Accordingly, the court is of the opinion that the motion for judgment nunc pro tunc should be sustained, and that the judgment should be corrected in accordance with these findings."

■ On April 9, 1976, the district court *rendered* an order of "separate trial." However, in *entering* the judgment on October 14, 1976, the district court incorrectly recited therein that the order was rendered on April 13. The misrecital of the date represented a clerical error. *Hays v. Hughes*, 106 S.W.2d 724 (Tex.Civ.App.1937, writ ref'd); *Wiegand v. Riojas*, 547 S.W.2d 287 (Tex.Civ.App.1977, no writ).

■ A further procedural problem involves the question of finality of the judgment *nunc pro tunc*. To resolve the question of finality, it must be determined whether the April order was an order of separate trial or an order of severance. An order of severance divides a lawsuit into two or more independent causes of action, each of which terminates in a separate, final, and enforceable judgment. To the contrary, an order of separate trial results in an interlocutory order determining the claims or issues so tried, but there is only one final judgment that is entered after all claims and issues involved in the suit have been tried. *Hall v. City of Austin*, 450 S.W.2d 836 (Tex.1970); *Kansas University Endowment Ass'n v. King*, 162 Tex. 599, 350 S.W.2d 11 (1961).

The October 14 judgment described the April order as "bifurcating" the case and ordering the several defendants "severed" and granting those defendants a "separate trial" under a "new cause number." The *nunc pro tunc* judgment "corrects" the recitations in the earlier judgment to reflect that the April order granted the several defendants a separate trial and that the "defendants" were not "severed from this cause," and that the cause against the defendants was not given a separate cause number.

The terms of the April order, as recited in the October judgment, are inconsistent and ambiguous. The judgment *nunc pro tunc* attempts to correct the inconsistencies and to clear the ambiguity. Under these circumstances, we refer to the April order which is contained in the record as one of the exhibits. See *Hall v. City of Austin, supra*, at 838. The order is set out below:

"ORDER FOR SEPARATE TRIAL

"On the 8th day of April, 1976, a day in a regular term of this court, came on to be heard the motion of defendants Ann Joy Bettis, Douglass D. Hearne, Charles M. Babb, and Thomas Black for a separate trial as to the claims against them seeking recovery from them for a conspiracy to defraud the plaintiffs of their inheritance. The court having considered said motion, and the argument of counsel thereon, is of the opinion that said motion should be sustained.

"It is, therefore, ORDERED that the plaintiffs' claim against defendants Ann Joy Bettis, Douglass D. Hearne, Charles M. Babb, and Thomas Black for damages for fraud and conspiracy be tried in a

separate trial from the suit to set aside the foreclosure sale. . . ."

A reading of the April order shows that it is an order for separate trial. Even though an order of severance, instead of an order of separate trial, may have been proper, that fact ". . . affords no basis . . . for treating an order for a separate trial as an order of severance." *Hall v. City of Austin, supra.* The order alone, no matter if erroneous, determines the finality *vel non* of the judgment entered. *Pierce v. Reynolds,* 160 Tex. 198, 329 S.W.2d 76 (1959); *Schieffer v. Patterson,* 433 S.W.2d 418 (Tex.1968); *Hall v. City of Austin, supra.*

The presumption is that when ". . . a judgment, not intrinsically interlocutory in character, is rendered . . . [with] . . . no order for a separate trial of issues having been entered . . . it will be presumed for appeal purposes [*i. e.* finality] that the Court . . . ." disposed of all parties and issues legally before it. *North East Independent School District v. Alridge,* 400 S.W.2d 893, 897–98 (Tex. 1966); *Campbell v. Campbell,* 550 S.W.2d 164 (Tex.Civ.App.1977, no writ). In the case at bar, however, there is no presumption of finality since an order of separate trial was entered by the court.

Because the April order is an order for separate trial, the judgment is interlocutory. Accordingly, this Court is without jurisdiction and the appeal is dismissed.

Dismissed for Want of Jurisdiction.