Yvette Velma CURRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–86–079–CR.

Court of Appeals of Texas,
Austin.

Nov. 19, 1986.
Discretionary Review Refused
Feb. 18, 1987.

James H. Kreimeyer, Kreimeyer, Cain & Jezek, P.C., Belton, for appellant.

Arthur C. Eads, Dist. Atty., Kevin M. Wilson, Asst. Dist. Atty., Belton, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

This is an appeal from an order by the trial court amending *nunc pro tunc* appellant's judgment of conviction for voluntary manslaughter.[1]

In June, 1985, a jury found appellant guilty of voluntary manslaughter and assessed punishment at imprisonment for five years. Although appellant gave notice of appeal, she subsequently withdrew her notice and surrendered herself to the Department of Corrections. On February 27, 1986, appellant was released on parole.

On March 7, 1986, the State filed a motion in the trial court for entry of judgment *nunc pro tunc.* In this motion, the State alleged that the jury at appellant's trial had affirmatively found that appellant used a deadly weapon during the commission of the offense, but that this finding had been erroneously omitted from the original judgment of conviction. On March 18, after a hearing on the State's motion, the trial court found that the jury had indeed made an affirmative finding and that this finding was omitted from the original judgment of conviction due to a clerical error, and ordered that a *nunc pro tunc* judgment be entered containing the affirmative finding. The court further ordered appellant returned to custody because, in light of the affirmative finding, she was not eligible for parole when released. *See* Tex.Code Cr.P. Ann. art. 42.18, § 8(b) (Supp.1986).

The appellate transcript contains the punishment charge and jury verdict forms from appellant's original trial. These documents reflect that a special issue on the use of a deadly weapon was submitted to the jury, and that the jury did make an affirmative finding that appellant used or exhibited a deadly weapon during the commission of this offense. The record further reflects that this affirmative finding was not entered in the original judgment. The question presented in this appeal is whether the trial court was authorized to correct this omission by entering the judgment *nunc pro tunc.*

In her first point of error, appellant contends the trial court was without authority to enter the judgment *nunc pro tunc* because the failure to enter the finding in the original judgment was a judicial, rather than a clerical, error. The function of a judgment *nunc pro tunc* is to correct *clerical* errors in the *entry* of judgment. *Coleman v. Zapp,* 151 S.W. 1040 (Tex. 1912); *Nolan v. Bettis,* 562 S.W.2d 520 (Tex.Civ.App.1978, no writ). A clerical error is one which does not result from judicial reasoning or determination. *Alvarez v. State,* 605 S.W.2d 615 (Tex.Cr.App.1980); *Nolan v. Bettis, supra.* The classification of an error as judicial or clerical does not depend on who made the error, but on the nature of the error. Reavley and Orr, *Trial Court's Power to Amend Its Judgment,* 25 Baylor L.Rev. 191, 195 (1973). Thus, whenever the judgment entered by the court incorrectly records the judgment rendered, the error is clerical so long as a product of judicial reasoning is not involved. *Alvarez v. State, supra; Nolan v. Bettis, supra.*

Tex.Code Cr.Ann. art. 42.12 § 3g(a)(2) (Supp.1986) provides, in pertinent part:

> Upon affirmative finding that the defendant used or exhibited a deadly weapon during the commission of an offense or during immediate flight therefrom, the trial court shall enter the finding in the judgment of the court. Upon an

---

**1.** This Court previously ordered that appellant be released on bond pending the outcome of this appeal. *Curry v. State,* 712 S.W.2d 878 (Tex.App.1986, no pet.).

affirmative finding that the deadly weapon the defendant used or exhibited was a firearm, the court shall enter that finding in its judgment.

This section clearly contemplates a two-step process. First, there must be an affirmative finding that the defendant used or exhibited a deadly weapon; this finding is made by the trier of fact. *Ex parte Thomas,* 638 S.W.2d 905 (Tex.Cr.App.1982). Second, after the affirmative finding is made by the trier of fact, the finding *shall* be entered in the judgment by the trial court.

Such discretion as exists in this process resides in the first step, the affirmative finding by the trier of fact. Once that finding is made, the statute imposes a mandatory duty on the trial court to enter the finding in the judgment. The legislature's purpose in imposing this duty on the trial court is obvious from the facts of this case. Without the entry of the affirmative finding in the judgment, the Department of Corrections and Board of Pardons and Paroles would be unable to determine which prisoners are to receive the special time computation that results from the finding. *Polk v. State,* 693 S.W.2d 391, 393 n. 1 (Tex.Cr.App.1985).

Because the entry of the affirmative finding in the judgment is mandatory, the trial court's failure to make the entry cannot be the product of judicial reasoning. Therefore, we hold that the trial court's failure to enter the jury's affirmative finding in the judgment was a clerical error, and overrule appellant's first point of error.

■ In her second point of error, appellant contends the trial court's entry of the affirmative finding by way of a judgment *nunc pro tunc* constitutes an improper effort to alter the terms of her sentence after she had already suffered partial punishment under the original sentence. *See Ex parte Brown,* 477 S.W.2d 552 (Tex.Cr.App.1972). Appellant correctly points out that such belated attempts at altering the terms of a defendant's sentence have consistently been declared null and void. *See*

*Ex parte Dickerson,* 702 S.W.2d 657 (Tex.Cr.App.1986); *Ex parte Brown, supra.*

It is undisputed that the jury, as trier of fact, made an affirmative finding that appellant used a deadly weapon in the commission of this offense. It is this finding, and not the entry of the finding in the judgment, that has the effect of delaying the parole eligibility date. The entry of the finding in the judgment is merely a clerical step necessary to see to it that the affirmative finding is given effect. Thus, the trial court did not alter the punishment assessed when it entered the judgment *nunc pro tunc,* but merely corrected the judgment to reflect the punishment that in fact had been assessed.

We conclude that the trial court was authorized to enter the jury's affirmative finding that appellant used a deadly weapon during the commission of this offense by way of a judgment *nunc pro tunc.* The Amarillo Court of Appeals reached the same conclusion in *McGinnis v. State,* 664 S.W.2d 769 (Tex.App.1983, no pet.). In *McGinnis,* unlike the instant cause, the *nunc pro tunc* judgment was entered before the defendant was paroled. However, we consider this a distinction without a difference. Appellant does not contend that appellant's release on parole in any way barred the entry of the judgment *nunc pro tunc,* and such an argument would be inconsistent with the result reached in the many cases dealing with the erroneous release of prisoners. *See Ex parte Morris,* 626 S.W.2d 754 (Tex.Cr.App. 1982); *Ex parte Hurd,* 613 S.W.2d 742 (Tex.Cr.App.1981); *Ex parte Esquivel,* 531 S.W.2d 339 (Tex.Cr.App.1976).

We also find support for our decision in *Shaw v. State,* 539 S.W.2d 887 (Tex.Cr.App. 1976). In *Shaw,* it was held that the trial court did not abuse its discretion in entering a *nunc pro tunc* sentence correcting an erroneous recital as to the amount of jail time credit to which the defendant was entitled.

■ Appellant's erroneous premature release on parole was due to no fault of hers.

Therefore, she is entitled to credit against her sentence for the time that she was at liberty on parole. *Ex parte Morris, supra; Ex parte Esquivel, supra.* Further, she is entitled to credit for the period of incarceration beginning with the entry of the trial court's judgment *nunc pro tunc.* However, appellant is not entitled to credit against her sentence for the time she has been at large on bond pending her appeal from the *nunc pro tunc* order. Tex.Code Cr.P.Ann. art. 42.03 (1979 and Supp.1986); Ex parte Allen, 548 S.W.2d 905 (Tex.Cr. App.1977).

The order of the trial court entering judgment *nunc pro tunc* is affirmed.

POWERS, J., not participating.