**William Sylvester CLARK, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–87–130–CR.**

Court of Appeals of Texas,
Fort Worth.

July 20, 1988.

Charles Warren Van Cleve, Arlington, for appellant.

Tim Curry, Criminal Dist. Atty., C. Chris Marshall and Loretta Stauffer, Asst. Dist. Attys., Fort Worth, for State.

Before FENDER, C.J., LATTIMORE, J., and HUGHES, J. (Retired) Sitting by Assignment.

OPINION

HUGHES, Justice (Retired).

On October 20, 1984, appellant, William Sylvester Clark, was convicted by a jury of the offense of murder. *See* TEX.PENAL CODE ANN. sec. 19.02 (Vernon 1974). The jury assessed his punishment at life

imprisonment in the Texas Department of Corrections. Appellant raises four points of error regarding the court's granting of the State's motion for a judgment nunc pro tunc to have the court reform the judgment to reflect an affirmative finding that appellant used a deadly weapon during the commission of the offense.

We affirm.

On October 20, 1984, appellant was convicted of murder under count two of the indictment which states:

And it is further presented in and to said court that the said William Sylvester Clark, in the county of Tarrant and state aforesaid, on or about the 5th day of November, 1983, did then and there intentionally and knowingly cause the death of an individual, Bill Phillips, by shooting him with a firearm.

The application paragraph of the charge stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 5th day of November, 1983, in Tarrant County, Texas, the Defendant, William Sylvester Clark, did then and there intentionally or knowingly cause the death of an individual, Bill Phillips, by shooting him with a firearm, then you will find the Defendant guilty of the offense of murder, as charged in the indictment.

The verdict rendered by the jury stated:

We, the Jury, find the Defendant, William Sylvester Clark, guilty of the offense of murder, as charged in the indictment.

By the State's and the court's own admission no finding of use of a deadly weapon was included in the judgment.

On May 20, 1987 the State filed a motion for judgment nunc pro tunc to have the court reform the judgment to reflect an affirmative finding of a deadly weapon. A hearing was held on the motion on June 18, 1987, and the court granted the State's motion and ordered that the judgment be amended and corrected to recite:

The jury affirmatively finds that the Defendant used or exhibited a deadly weapon, to wit: a firearm, during the commission of the offense or during immediate flight therefrom.

In points of error one, two, and three, appellant alleges that the trial court erred in entering a judgment nunc pro tunc to reflect an affirmative finding that a deadly weapon was used because the jury's verdict was ambiguous and does not support a deadly weapon finding. He argues that the jury, not the trial court, must make such an affirmative finding. Finally, he contends the trial court had no authority to enter a nunc pro tunc judgment because it was a judicial error not a clerical error.

In *Polk v. State*, 693 S.W.2d 391, 394 (Tex.Crim.App.1985), the Court of Criminal Appeals set out three instances in which an affirmative finding of use of a deadly weapon can be made by a jury: (1) the indictment specifically alleges the words "deadly weapon" in describing the weapon used, *and* the verdict reads "guilty as charged in the indictment;" (2) the indictment names a weapon which is per se a deadly weapon and the verdict reads guilty as charged in the indictment; or (3) a special issue is submitted to the trier of fact and answered affirmatively.

In this case, the indictment charging appellant with murder stated that appellant caused the death of an individual "by shooting him with a firearm." The jury found appellant "guilty of the offense of murder, as charged in the indictment." Moreover, a firearm is per se a deadly weapon. *Stewart v. State*, 532 S.W.2d 349, 350 (Tex.Crim.App.1976). Thus, the jury made an affirmative finding of the use of a deadly weapon under the second situation enunciated in *Polk*.

We next must address whether the trial court was correct in granting the motion for judgment nunc pro tunc to include a finding in the original judgment of the use of a deadly weapon. After the jury makes an affirmative finding that a deadly weapon was used during the commission of the offense, TEX.CODE CRIM.PROC. ANN. art. 42.12, sec. 3g(a)(2) (Vernon Supp.1988) mandates that the trial court enter the findings in the judgment. The

failure of the trial court to enter an affirmative finding by the jury that the defendant used or exhibited a deadly weapon during the commission of the offense constitutes a clerical error. *See Curry v. State*, 720 S.W.2d 261, 263 (Tex.App.—Austin 1986, pet. ref'd). The purpose of a judgment nunc pro tunc is to correctly reflect in the records of the court a judgment actually made by it, but which was not entered of record at the proper time due to some clerical error. *Alvarez v. State*, 605 S.W.2d 615, 617 (Tex.Crim.App. [Panel Op.] 1980). Therefore, the trial court properly corrected the omission of the affirmative finding in the original judgment by including it in the judgment by an order nunc pro tunc. We overrule appellant's points of error one, two and three.

■ Appellant contends in his fourth point of error that the nunc pro tunc order constituted an ex post facto act. He argues that the nunc pro tunc order subjected him to a longer term of confinement than was imposed at his trial, depriving him of his due process right.

An ex post facto law "is one that aggravates a crime or makes it greater than when it was committed or similarly changes and inflicts greater punishment than that which was proscribed when the crime was committed." *Betancourt v. State*, 590 S.W.2d 487, 489 (Tex.Crim.App. [Panel Op.] 1979), *cert. denied.*, 446 U.S. 942, 100 S.Ct. 2166, 64 L.Ed.2d 796 (1980). The 1984 version of TEX.CODE CRIM. PROC.ANN. art. 42.12, sec. 15(b), which was in effect when appellant committed his offense, had the effect of delaying parole eligibility upon a affirmative finding that a deadly weapon was used during the commission of an offense. The article provided in pertinent part:

> If a prisoner is serving a sentence for the offenses listed in section 3f(a)(1) of this article or if the judgment contains an affirmative finding under section 3f(a)(2) of this article, he is not eligible for release on parole until his actual calendar time served, without consideration of

good conduct time, equals one-third of the maximum sentence or twenty calendar years, which ever is less, but in no event shall he be eligible for release on parole in less than two calendar years.

*See*, ch. 377, sec. 1, 1977 Tex.Gen.Laws 925, 927, repealed by, ch. 1101, sec. 16, 1987 Tex.Gen.Laws, 3750, 3767.[1]

■ Once a person is convicted of an offense he has no constitutional right to be released on parole before completion of his sentence. *Moncier v. State*, 704 S.W.2d 451, 455 (Tex.App.—Dallas 1986, no pet.). Therefore, "eligibility for parole under TEX.CODE CRIM.PROC.ANN. art. 42.12 (Vernon 1979) is not a protectable interest under the due process clause. The statute does not enlarge the punishment for the crime or affect the range of punishment that the jury may assess." *Id.* at 456. Moreover, as the *Curry* Court of Appeals noted:

> The entry of the finding in the judgment is merely a clerical step necessary to see to it that the affirmative finding is given effect. Thus, the trial court did not alter punishment assessed when it entered the judgment nunc pro tunc, but merely corrected the judgment to reflect the punishment that in fact had been assessed.

*Curry*, 720 S.W.2d at 263. We hold that the order nunc pro tunc did not violate appellant's right to due process and it did not increase appellant's punishment. We overrule appellant's point of error four.

We affirm.

---

1. The subject matter of article 42.12, section 15(b) is now contained in article 42.18, section 8(b)(1) as amended by ch. 1101, section 7, 1987 Tex.Gen.Laws 3750, 3754.