IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-333-CR




BERRY RUDOLPH WILLIAMS, JR.,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0911537, HONORABLE TOM BLACKWELL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of murder and assessed punishment at imprisonment
for seventy years. Tex. Penal Code Ann. § 19.02 (West 1989).

 Appellant's court-appointed attorney filed a brief in which he concludes that the
appeal is frivolous and without merit. The brief meets the requirements of Anders v. California,
386 U.S. 738 (1967), by presenting a professional evaluation of the record demonstrating why
there are no arguable grounds to be advanced. See also Penson v. Ohio, 488 U.S. 75 (1988);
Gainous v. State, 436 S.W.2d 137 (Tex. Crim. App. 1969); Jackson v. State, 485 S.W.2d 553
(Tex. Crim. App. 1972); Currie v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); High v.
State, 573 S.W.2d 807 (Tex. Crim. App. 1978). A copy of counsel's brief was delivered to
appellant, and appellant was advised of his right to examine the appellate record and to file a pro
se brief. A pro se brief has been filed.

 In his first pro se point of error, appellant contends that the parole eligibility rules
contained in article 42.18, § 8(b)(3) of the Code of Criminal Procedure deny him equal protection
of the laws. Tex. Code Crim. Proc. Ann. art. 42.18, § 8(b)(3) (West Supp. 1993). Under this
statute, any good conduct time awarded to appellant while in prison cannot be considered in
determining his eligibility for parole because the judgment in this cause contains an affirmative
finding that a deadly weapon was used in the commission of the offense. See also Tex. Code
Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West Supp. 1993). Appellant argues that in enacting the
relevant statutes, the legislature "did not include all persons who are similarly situated with
respect to the purpose of the law by allowing those defendant[s] who escape a finding of using a
deadly weapon during the commission of a felony to avoid the harsher parole" eligibility
requirements. He further argues that "imposing harsher [parole eligibility] requirements upon
only those defendants whose judgments reflect a separate and specific deadly weapon finding, is
not rationally related to a legitimate state interest." 

 An affirmative finding must be entered in the judgment by the trial court in every
case in which such a finding is made by the trier of fact. Ex parte Poe, 751 S.W.2d 873, 875
(Tex. Crim. App. 1988); Curry v. State, 720 S.W.2d 261, 263 (Tex. App.--Austin 1986, pet.
ref'd). In this cause, the indictment alleged that appellant used a deadly weapon in the
commission of the offense and the jury found him guilty as alleged. See Polk v. State, 693
S.W.2d 391, 396 (Tex. Crim. App. 1985). Appellant has been treated no differently under the
statute than any other person against whom an affirmative finding is made. As we understand it,
however, it is appellant's argument that article 42.18, § 8(b)(3) is unconstitutional because an
affirmative finding is not made in every case in which the defendant uses or exhibits a deadly
weapon. 

 A certain amount of discretion is inherent and desirable in a system of criminal
justice. Jurek v. State, 522 S.W.2d 934, 940 (Tex. Crim. App. 1975), aff'd, 428 U.S. 262
(1976). Prosecuting attorneys are accorded discretion in the preparation and presentation of cases
for trial. Meshell v. State, 739 S.W.2d 256, 254 (Tex. Crim. App. 1987); Callaway 818 S.W.2d
816, 838 (Tex. App.--Amarillo 1991, pet. ref'd). The prosecutor's discretion includes, we
believe, the authority to decide whether to seek an affirmative finding in a particular case. 
Appellant has not demonstrated that the decision to allege the use of a deadly weapon in this cause
was the result of purposeful discrimination. See County v. State, 812 S.W.2d 303, 308 (Tex.
Crim. App. 1989). The operation of articles 42.12, § 3g(a)(2), and 42.18, § 8(b)(3), have not
been shown to violate appellant's right to equal protection under the laws. The first point of error
is overruled.

 In his second pro se point of error, appellant contends that the court erred by
overruling his motion to dismiss the jury panel when the prosecutor failed to provide a race-neutral explanation for peremptorily striking a black venire member. Batson v. Kentucky, 476
U.S. 79 (1986); Tex. Code Crim. Proc. Ann. art. 35.261 (West 1989). When appellant voiced
his objection, the prosecutor explained her decision to strike the venire member as follows:



 During the voir dire, and during the defense portion, specifically, of the
voir dire, when he was speaking to probation as a sentence, the juror in question,
Number Seven, who was struck by the State was visibly upset, she was shaking her
head and especially when Mr. Bettis slammed his hand down saying that it would
be the same thing as ten years in prison. There were vocal responses from her. 
She was shaking her head. She was going "Mmm, Mmm," (sounding out) like
probation was a very big deal to her. She seemed to be very much in agreement
with the defense counsel. And for that reason, between my notes and the notes of
my co-counsel, we decided that it would be to the State's detriment to leave her on
the panel.



The court found "from the demeanor of Juror Number Seven on the panel that she indicated a
preference for the defense's position, relative to probation, very specifically, and that this would
be a grounds [sic] for a strike irrespective of her racial background." The court therefore
concluded that the prosecutor had given a race-neutral explanation for the strike.

 Appellant has failed to show that the district court's ruling was clear error. See
Whitsey v. State, 796 S.W.2d 707, 726 (Tex. Crim. App. 1990) (opinion on rehearing). The
second point of error is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Aboussie and Jones]

Affirmed

Filed: May 26, 1993

[Do Not Publish]