# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-01-00113-CR

**Dawn Schuetz, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE COUNTY COURT OF LEE COUNTY
### NO. 16891, HONORABLE ROBERT B. LEE, JUDGE PRESIDING

Appellant Dawn Schuetz waived her right to counsel and her right to a jury trial, and pleaded no contest to an information accusing her of failing to appear. *See* Tex. Penal Code Ann. § 38.10 (West 1994). The county court adjudged her guilty, and as called for in a plea bargain agreement, imposed a $750 fine. She appeals pro se.

Appellant contends that "[w]hen the judge rejected Appellant's nolo contendere plea, Appellant should have been allowed to withdraw plea." She further argues that she would have withdrawn the plea because there was evidence to exonerate her, as she contends she told the county attorney during plea negotiations. Appellant's arguments reflect a misunderstanding of her plea. A plea of nolo contendere, or no contest, is the equivalent of a plea of guilty insofar as a criminal prosecution is concerned. Tex. Code Crim. Proc. Ann. art. 27.02(5) (West 1989). The plea admits

every element of the offense and is legally sufficient in itself to support a misdemeanor conviction. *Ex parte Williams*, 703 S.W.2d 674, 678 (Tex. Crim. App. 1986). In such a case, the court may assess punishment with or without evidence, at its discretion. Tex. Code Crim. Proc. Ann. art. 27.14(a) (West 1989). By accepting the plea bargain, appellant forfeited her right to contest the accusation in exchange for the certainty of a lesser punishment. *See Ex parte Williams*, 637 S.W.2d 943, 947 (Tex. Crim. App. 1982). By finding appellant guilty, the trial court did not "reject" the plea, but instead gave it its proper legal effect. Issues one and three are overruled.

Appellant further contends that the county court erred by rendering a judgment nunc pro tunc without notice or a hearing. The original judgment erroneously recited that appellant pleaded guilty. The judgment nunc pro tunc corrected that clerical error and properly reflects the nolo contendere plea. *See Curry v. State*, 720 S.W.2d 261, 262 (Tex. App.—Austin 1986, pet. ref'd) (function of judgment nunc pro tunc). No error is presented.

The judgment of conviction is affirmed.[1]

_____

Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Puryear

Affirmed

Filed: August 30, 2001

_____

[1] Appellant's motion for summary judgment is overruled.

2

Do Not Publish