TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00161-CR







Adrian Hernandez, Appellant



v.



The State of Texas, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. D-1-DC-06-300035, HONORABLE JON N. WISSER, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N



Adrian Hernandez seeks to appeal following the entry of a judgment nunc pro tunc
in this cause. At the Court's request, the parties have filed letter briefs regarding the timeliness of
the notice of appeal and the scope of the appeal, if any. We conclude that Hernandez has a right of
appeal limited to the propriety of the district court's nunc pro tunc order and that his notice of appeal
from that order was timely filed.

On December 6, 2006, Hernandez was adjudged guilty of burglary of a habitation
after he pleaded guilty to the trial court. The court imposed sentence of ten years' imprisonment
"with successful completion of the 90 day state boot camp program followed by the successful
completion of SAFPF program." (1) See Tex. Code Crim. Proc. Ann. art. 42.12, §§ 8, 14 (West 2006). 
It was subsequently determined that Hernandez is not eligible for the boot camp program. Following
a hearing in the district court on February 23, 2007, a judgment nunc pro tunc was filed imposing
a sentence of ten years' imprisonment. (2) On March 6, 2007, Hernandez filed a notice of appeal
"from the judgment convicting him of criminal conduct signed on or about December 6, 2006 and
February 23, 2007." The district court certified that the notice of appeal was not timely and that
Hernandez has no right of appeal. See Tex. R. App. P. 25.2(d).

Absent a motion for new trial, the notice of appeal in a criminal case must be filed
"within 30 days after the day sentence is imposed or suspended in open court, or after the day
the trial court enters an appealable order." Tex. R. App. P. 26.2(a)(1). An order granting a motion
for judgment nunc pro tunc is an appealable order. See Moore v. State, 446 S.W.2d 878, 879
(Tex. Crim. App. 1969); Curry v. State, 720 S.W.2d 261, 262 (Tex. App.--Austin 1986, pet. ref'd). 
Whether or not the State formally moved for entry of the judgment nunc pro tunc in this cause, we
conclude that the district court's entry of the nunc pro tunc judgment is an appealable order. 
Appellant's notice of appeal was filed within 30 days after the day the order was entered. (3)

The entry of the nunc pro tunc judgment did not have the effect of extending the time
for perfecting an appeal from Hernandez's December 6, 2006, conviction. See Rodarte v. State, 860
S.W.2d 108, 109-10 (Tex. Crim. App. 1993). Hernandez may not challenge the judgment convicting
him of burglary of a habitation because he did not perfect an appeal within 30 days after sentence
was imposed. Although the notice of appeal states that the appeal is from the judgment of
conviction, it is sufficient under the circumstances to show Hernandez's desire to appeal the nunc
pro tunc order. See Tex. R. App. P. 25.2(c)(2). Hernandez's right of appeal is limited to the
propriety of the February 23, 2007 order; it does not encompass the December 6, 2006 judgment of
conviction for burglary.

The appeal is abated. The district court shall file an amended certification stating that
the defendant's appeal is not in a plea-bargain case, and the defendant has the right of appeal. A
copy of the amended certification shall be forwarded to this Court no later than ten days from the
date of this opinion.



 __________________________________________

 Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Abated

Filed: June 13, 2007

Do Not Publish
1. The judgment reflects that there was a plea bargain. However, both parties state that the plea
was not negotiated.
2. The hearing was before the Honorable Charles F. Baird, who succeeded the Honorable Jon N.
Wisser as Judge of the 299th District Court.
3. For the purpose of calculating the appellate time limits, an appealable order is entered on the
day it is signed. See Ex parte Morales, 212 S.W.3d 483, 489 (Tex. App.--Austin 2006, pet. ref'd). 
We cannot determine from the documents before us the exact date when the nunc pro tunc judgment
was signed, but that day must have been no earlier than February 23, the day of the hearing, and no
later than February 27, the day the nunc pro tunc judgment was filed.