# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00161-CR

**Adrian Hernandez, Appellant**

**v.**

**The State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT NO. D-1-DC-06-300035, HONORABLE JON N. WISSER, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Adrian Hernandez seeks to appeal following the entry of a judgment nunc pro tunc in this cause. At the Court's request, the parties have filed letter briefs regarding the timeliness of the notice of appeal and the scope of the appeal, if any. We conclude that Hernandez has a right of appeal limited to the propriety of the district court's nunc pro tunc order and that his notice of appeal from that order was timely filed.

On December 6, 2006, Hernandez was adjudged guilty of burglary of a habitation after he pleaded guilty to the trial court. The court imposed sentence of ten years' imprisonment "with successful completion of the 90 day state boot camp program followed by the successful completion of SAFPF program."[1] *See* Tex. Code Crim. Proc. Ann. art. 42.12, §§ 8, 14 (West 2006).

---

[1] The judgment reflects that there was a plea bargain. However, both parties state that the plea was not negotiated.

It was subsequently determined that Hernandez is not eligible for the boot camp program. Following a hearing in the district court on February 23, 2007, a judgment nunc pro tunc was filed imposing a sentence of ten years' imprisonment.[2]  On March 6, 2007, Hernandez filed a notice of appeal "from the judgment convicting him of criminal conduct signed on or about December 6, 2006 and February 23, 2007."  The district court certified that the notice of appeal was not timely and that Hernandez has no right of appeal.  *See* Tex. R. App. P. 25.2(d).

Absent a motion for new trial, the notice of appeal in a criminal case must be filed "within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order."  Tex. R. App. P. 26.2(a)(1).  An order granting a motion for judgment nunc pro tunc is an appealable order.  *See Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969); *Curry v. State*, 720 S.W.2d 261, 262 (Tex. App.—Austin 1986, pet. ref'd).  Whether or not the State formally moved for entry of the judgment nunc pro tunc in this cause, we conclude that the district court's entry of the nunc pro tunc judgment is an appealable order.  Appellant's notice of appeal was filed within 30 days after the day the order was entered.[3]

The entry of the nunc pro tunc judgment did not have the effect of extending the time for perfecting an appeal from Hernandez's December 6, 2006, conviction.  *See Rodarte v. State*, 860 S.W.2d 108, 109-10 (Tex. Crim. App. 1993).  Hernandez may not challenge the judgment convicting

---

[2]  The hearing was before the Honorable Charles F. Baird, who succeeded the Honorable Jon N. Wisser as Judge of the 299th District Court.

[3]  For the purpose of calculating the appellate time limits, an appealable order is entered on the day it is signed.  *See Ex parte Morales*, 212 S.W.3d 483, 489 (Tex. App.—Austin 2006, pet. ref'd).  We cannot determine from the documents before us the exact date when the nunc pro tunc judgment was signed, but that day must have been no earlier than February 23, the day of the hearing, and no later than February 27, the day the nunc pro tunc judgment was filed.

2

him of burglary of a habitation because he did not perfect an appeal within 30 days after sentence was imposed. Although the notice of appeal states that the appeal is from the judgment of conviction, it is sufficient under the circumstances to show Hernandez's desire to appeal the nunc pro tunc order. *See* Tex. R. App. P. 25.2(c)(2). Hernandez's right of appeal is limited to the propriety of the February 23, 2007 order; it does not encompass the December 6, 2006 judgment of conviction for burglary.

The appeal is abated. The district court shall file an amended certification stating that the defendant's appeal is not in a plea-bargain case, and the defendant has the right of appeal. A copy of the amended certification shall be forwarded to this Court no later than ten days from the date of this opinion.

_____

Bob Pemberton, Justice

Before Justices Patterson, Pemberton and Waldrop

Abated

Filed: June 13, 2007

Do Not Publish

3