# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-06-00668-CR

**Reuben Vincent Rabsatt, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 55675, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Reuben Vincent Rabsatt appeals the district court's order overruling his motion to set aside the entry of a nunc pro tunc judgment convicting him of engaging in organized criminal activity. *See* Tex. Penal Code Ann. § 71.02 (West Supp. 2006). He contends that the district court improperly used the nunc pro tunc procedure to add, after sentence had begun, an affirmative finding that a deadly weapon was used in the commission of the offense. *See* Tex. Code Crim. Proc. Ann. art. 42.12, § 3g(a)(2) (West 2006). Finding no error, we will affirm the order.

Appellant pleaded guilty to an indictment accusing him of shooting Charles Miller with a firearm with the intent to participate in a criminal combination. On February 17, 2005, appellant was adjudged guilty by the trial court: "[T]he evidence is sufficient to find you guilty as charged in the indictment, and the Court finds you guilty of that offense with the affirmative finding of a deadly weapon." The court sentenced appellant to imprisonment for ten years. Although the

court had expressly found that a deadly weapon was used in the commission of the offense, and the court made a notation to that effect on its docket, that finding was not contained in the written judgment of conviction signed by the judge. To the contrary, the judgment indicated that an affirmative finding regarding the use of a deadly weapon was "Not Applicable."

The omission of the deadly weapon finding from the written judgment was discovered in March 2006, when the district court was notified that appellant had been released on parole. On June 20, 2006, the State filed a motion for judgment nunc pro tunc asking that "after notice and hearing" the court correct the judgment to add the affirmative finding. The court signed a nunc pro tunc judgment containing the affirmative finding the day the State's motion was filed. On July 18, 2006, appellant moved to set aside the nunc pro tunc judgment and asked for a hearing. The hearing was held on October 26, 2006, after which the court overruled appellant's motion. Appellant then perfected this appeal.[1]

A nunc pro tunc order may be used only to correct a clerical error to which no judicial reasoning contributed. *Jiminez v. State*, 953 S.W.2d 293, 295 (Tex. App.—Austin 1997, pet. ref'd). The nunc pro tunc procedure may be used to alter a judgment to reflect the court's actual order or finding, but it may not be used to add an order or finding not previously made. *Smith v. State*, 15 S.W.3d 294, 299 (Tex. App.—Dallas 2000, no pet.). Appellant argues that the omission of the

---

[1] An order granting a motion for judgment nunc pro tunc is an appealable order. *See Moore v. State*, 446 S.W.2d 878, 879 (Tex. Crim. App. 1969); *Ex parte Curry*, 712 S.W.2d 878, 880 (Tex. App.—Austin 1986, no pet.). Because the trial court granted the State's motion without formal notice or a hearing, and appellant's first opportunity to object was at the hearing on his motion to set aside the nunc pro tunc judgment, we conclude that appellant is entitled to appeal the court's order overruling the motion. The State does not argue otherwise.

affirmative finding in the original judgment of conviction was not a clerical error. Instead, he argues that the judgment reflected the court's determination that an affirmative finding was not applicable. Appellant contends that by adding the affirmative finding to the nunc pro tunc judgment, the trial court improperly changed its judgment and converted what had been an ordinary offense for parole purposes into an offense with a later parole eligibility date. *See* Tex. Gov't Code Ann. § 508.145(d) (West Supp. 2006); *see also id*. § 508.149(a)(1).

A substantially identical situation was presented to the Court in *Curry v. State*, 720 S.W.2d 261 (Tex. App.—Austin 1986, pet. ref'd). In that case, the trier of fact affirmatively found that a firearm or other deadly weapon had been used during the commission of the offense, but the finding was not entered in the original judgment. *Id*. at 262. After the defendant was released on parole, the trial court signed a nunc pro tunc judgment containing the affirmative finding and ordered the defendant returned to custody. *Id*. The Court affirmed the nunc pro tunc order after concluding that the omission of the affirmative finding in the original judgment was a clerical error and that the addition of the finding nunc pro tunc did not constitute an improper alteration of the sentence. *Id*. at 263.

In this case, the record shows that the trial court, as trier of fact, affirmatively found that a firearm was used during the commission of the offense. The conflict between the court's oral finding at trial and the "not applicable" notation in the written judgment must be resolved in favor of the oral finding. *See Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). The omission of the affirmative finding in the original judgment was a clerical error subject to correction nunc pro tunc, and the trial court did not alter the nature of the offense or change the sentence imposed when

3

it entered the nunc pro tunc judgment. *Curry*, 720 S.W.2d at 263. Appellant's point of error is overruled.

The order overruling the motion to set aside the nunc pro tunc judgment is affirmed.

_____

David Puryear, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed: November 15, 2007

Do Not Publish

4