Affirmed and Memorandum Opinion filed July 7, 2009








Affirmed
and Memorandum Opinion filed July 7, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01077-CV

____________

 

MILTON JAMES ANTHONY, Appellant

 

V.

 

RISSIE OWENS, LINDA GARCIA, CHARLES
AYCOCK, JUANITA GONZALES, JOSE ALISEDA, JANE/JOHN DOE (1), JANE/JOHN DOE (2),
Appellees

 



 

On Appeal from the 412th District
Court

Brazoria County, Texas

Trial Court Cause No. 44550

 



 

M E M O R A N D U M   O P I N I O N








Milton James Anthony, an inmate in the Institutional
Division of the Texas Department of Criminal Justice, appeals the dismissal of
his pro se, in forma pauperis action for declaratory relief.  In his
petition in the trial court, Anthony asserted that the members of the Texas
Board of Pardons and Paroles (Athe Board@) violated his
constitutional rights by (1) refusing his requests for parole, (2) refusing him
tentative parole under a 1987 statute, and (3) applying a statute to him when
the legislature did not intend the statute to be applied to defendants
convicted under the law of parties.  The trial court dismissed Anthony=s petition with
prejudice because it concluded that Anthony Ahas failed to
state a cause of action as a matter of law.@  Liberally
construing Anthony=s three appellate issues and argument
thereunder, Anthony contends the trial court abused its discretion by
concluding that these claims have no arguable basis in law and by dismissing
these claims with prejudice under Chapter 14 of the Texas Civil Practice and
Remedies Code.  Concluding the trial court did not abuse its discretion in
determining that Anthony=s claims have no arguable basis in law and
in dismissing them with prejudice, we affirm.








Anthony filed suit in the trial court seeking a declaratory
judgment declaring that the Board has improperly applied certain statutes
against him and failed to grant him parole, thus allegedly violating Anthony=s due process
rights.  State prisoners, however, cannot challenge parole procedures under the
due process clause.  Nabelek v. Garrett, 14-01-01007-CV, 2003 WL
1738392, at *1 (Tex. App.CHouston [14th Dist.] Apr. 3, 2003, pet.
dism=d w.o.j.) (mem.
op.) (citing Johnson v. Rodriguez, 110 F.3d 299, 308 (5th Cir. 1997) and
Martin v. Tex. Bd. of Criminal Justice, 60 S.W.3d 226, 230 (Tex. App.CCorpus Christi
2001, no writ)).  Without conducting a hearing, the trial court dismissed
Anthony=s petition with
prejudice to refiling for failure Ato state a cause
of action as a matter of law.@  The trial court did not mention Chapter
14 in its order of dismissal, and it did not state any basis for dismissal
found in Chapter 14.  See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon
2002); Cooper v. Tex. Dep=t of Criminal
Justice, 14-07-00741-CV, 2009 WL 1312944, at *1 (Tex. App.CHouston [14th
Dist.] May 12, 2009, no pet. h.) (mem. op.) (involving dismissal order with the
same language).  Nonetheless, on appeal, Anthony treats the trial court=s dismissal as a
Chapter 14 dismissal and does not argue that the trial court erred by
dismissing his claims without a hearing and for a basis not stated in Chapter
14.  Rather, liberally construing Anthony=s three appellate
issues and argument thereunder, Anthony contends the trial court abused its
discretion by concluding that his claims have no arguable basis in law and by
dismissing these claims with prejudice under Chapter 14 of the Texas Civil
Practice and Remedies Code.  Because the trial court, in an unambiguous order,
did not dismiss Anthony=s claims under Chapter 14, and because
Anthony does not attack the trial court=s dismissal order
on this basis, his challenge necessarily fails and we can affirm on this basis
alone. See Cooper, 14-07-00741-CV, 2009 WL 1312944, at *1.   

II

Even if the trial court had dismissed Anthony=s claims under
Chapter 14, the trial court would not have erred in concluding that Anthony=s claims have no
arguable basis in the law.[1] 
See id.  Anthony argues that the Board violated his constitutional
rights by denying his requests for parole.  According to Anthony=s complaint in the
trial court, he was convicted as a party of capital murder on May 4, 1979.  He
has been denied parole five times and asserts that the only reason the Board
listed for denial was ANature of the Offense.@  Because the
nature of his offense is beyond his control, Anthony argues that the Board has
effectively changed his sentence to Alife without
parole.@  There is no
constitutional or inherent right of a convicted person to be conditionally
released before the expiration of a valid sentence.  Greenholtz v. Inmates
of the Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979).  Once
a person has been convicted of an offense, he has no constitutional right to be
released on parole before completion of his sentence.  Clark v. State,
754 S.W.2d 499, 501 (Tex. App.CFort Worth 1988, no pet.).  The decision
to release or not release an inmate, even though he is eligible for parole,
remains within the sound discretion of the Board of Pardons and Paroles and is
not the basis for a due process challenge.  See Nabelek, 2003 WL
1738392, at *1; see also Ex parte Geiken, 28 S.W.3d 553, 556 (Tex. Crim.
App. 2000).  








Anthony also argues that the Board violated his
constitutional rights Aby refusing him his tentative parole month
which the 1987 Statute entitled him to have unless he did not meet the
requirements set out in the statute.@  In his
complaint, Anthony referred to article 42.18 section 8(a) of the Texas Code of
Criminal Procedure, which was amended in 1987.  In 1997, article 42.18 was
repealed and replaced by chapter 508 of the Government Code.  Act of May 8,
1997, 75th Leg., R.S., ch. 165, ' 12.01, 1997 Tex.
Gen. Laws 327, 415B438, 443.  Although he does not specify
exactly which statute gives him the right to a Atentative parole
month,@ it appears
Anthony is referring to section 508.141(g) of the Government Code, which
provides for five-year review intervals for an inmate serving a sentence listed
in section 508.149(a).[2] 
See Tex. Gov=t Code Ann. ' 508.141(g) &
508.149(a) (Vernon 2004 & Supp. 2008).  To bring a due process claim, the
plaintiff must assert a liberty or property interest that is protected by the
Fourteenth Amendment to the United States Constitution.  Board of Regents of
State Colleges v. Roth, 408 U.S. 564, 569B70 (1972); Concerned
Cmty. Involved Dev., Inc. v. City of Houston, 209 S.W.3d 666, 671 (Tex.
App.CHouston [14th
Dist.] 2006, pet. denied).  The Court of Criminal Appeals has determined that
there is a protectable liberty interest in mandatory supervision release under
section 508.149 of the Government Code.  Geiken, 38 S.W.3d at 559. 
However, inmates convicted of certain offenses, including capital murder, are
not eligible for mandatory supervision release.  Tex. Gov=t Code Ann. ' 508.149(a) (Vernon Supp. 2008). 
Therefore, Anthony has no established interest in a Atentative parole
date.@  








Anthony asserts the Board violated his constitutional
rights by applying sections of the Government Code to those convicted under the
law of parties because the Legislature did not intend for those statutes to be
applied to those convicted under the law of parties.  Specifically, Anthony
claims that sections 508.046, 508.141, 508.145, and 508.149 should not apply to
an individual who was not convicted as a principal.  Section 508.046 provides
that a decision to release on parole an inmate who was convicted of a capital
felony must be made by all members of the Board.  Tex. Gov=t Code Ann. ' 508.046 (Vernon Supp. 2008).  Section
508.141 describes the Board=s authority to consider and order release
on parole.  Tex. Gov=t Code Ann. ' 508.141 (Vernon
2004).  Section 508.145 provides computation of parole eligibility dates, and
section 508.146 provides for medically recommended intensive supervision.  Tex. Gov=t Code Ann. '' 508.145 &
508.146 (Vernon Supp. 2008).  None of the Government Code sections cited by
Anthony state that they do not apply to an inmate  convicted as a party.  Nor
has Anthony cited any authority requiring those convicted under the law of
parties to be treated differently than those convicted as principals.  Section
7.01 of the Texas Penal Code specifically abolished all traditional
distinctions between accomplices and principals.  See Tex. Penal Code Ann. ' 7.01(c) (Vernon
2003).  As reflected by the language of the applicable statutes, the
Legislature intended the parole laws in question to apply equally to one
convicted as a party or one convicted as a principal.  

For the reasons stated above, the trial court would not
have erred in concluding that Anthony=s claims have no
arguable basis in law.

III

On appeal, Anthony also complains that the trial court
dismissed his petition with prejudice to refiling, without giving Anthony an
opportunity to remedy the problems with his claims by amending his pleadings. 
When reviewing whether a trial court abused its discretion in dismissing an
inmate=s suit, an
appellate court should consider whether the suit was dismissed with prejudice
and, if so, determine whether the inmate=s error could be
remedied through more specific pleading.  See Hickman v. Adams, 35
S.W.3d 120, 124 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The
trial court dismissed Anthony=s claims on with prejudice; however,
Anthony=s claims= lack of an
arguable basis in law could not be remedied through additional pleading. 
Therefore, the trial court would not have erred in dismissing Anthony=s claims with
prejudice under Chapter 14.  See id. 








Accordingly, we overrule Anthony=s issues and
affirm the trial court=s with-prejudice dismissal of Anthony=s petition.

 

 

/s/      Jeffrey V. Brown

Justice

 

 

Panel consists of
Justices Frost, Brown, and Boyce.

 









[1]  A trial court=s
dismissal of a claim without conducting a fact hearing can be affirmed on
appeal only if the claim has no arguable basis in law.  Retzlaff v. Texas
Dep=t of Criminal Justice, 94 S.W.3d 650, 653 (Tex. App.CHouston [14th Dist.] 2002, pet denied). 





[2]  Capital murder is one of the offenses included in
section 508.149(a).