**FIREMAN'S FUND INSURANCE COMPANY, Appellant,**

v.

**Sam MARTINEZ, Appellee.**

**No. 11264.**

Court of Civil Appeals of Texas.

Austin.

Feb. 10, 1965.

Rehearing Denied March 3, 1965.

Guittard, Henderson & Jones, Victoria, for appellant.

Splawn & Maner, J. R. Lindley, Lubbock, for appellee.

PHILLIPS, Justice

This is an action brought under the Texas Workmen's Compensation Act, Article 8306, Vernon's Ann.Civ.St. The appellee, plaintiff below, alleged that he sustained total and permanent injuries while employed by Mucole Incorporated as a trash collector on the Fort Hood Military Reservation in August of 1963. The injury was to appellee's back and was caused by lifting a trash can filled with litter weighing some fifty to eighty pounds.

Appellee duly filed his claim and perfected his appeal from the award of the Industrial Accident Board to the District

Court. At the conclusion of the trial, appellee was awarded judgment on a jury verdict for compensation benefits totalling $9,072.91 for a period of 284 weeks.

Appellant is before this Court on five points of error the first three being the error of the trial court in entering judgment for total and permanent disability since there was no evidence to support the jury findings thereto, that there was insufficient evidence to support this jury finding, and that such findings are against the great weight and preponderance of the evidence. Appellant's fourth point is the error of the trial court in allowing the appellee to testify with respect to his future disability and the extent thereof. The fifth point is the excessiveness of the judgment.

■ Appellee has a motion before this Court to dismiss this appeal for lack of jurisdiction. Appellee contends that the judgment in the case at bar was signed and entered May 25, 1964 and that appellant failed to file a motion for a new trial as required by Rule 324 Texas Rules of Civil Procedure within the ten days required by Rule 329–b T.R.C.P. Appellant had moved that the judgment of May 25 be set aside, however the court refused this motion but did interline the original judgment of May 25 changing the judgment to read June 17, 1964. The court stated in his order refusing to set the judgment aside that the sole purpose of changing the judgment was to extend the time in which the defendant (appellant) might file a motion for new trial. We hold that the trial court was not authorized to enlarge the time for filing the motion. Rule 5, T.R.C.P. In A. F. Jones and Sons et al. v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, wherein the trial court granted a party leave to file a Motion for New Trial after the time set by the rules had passed, the Court said:

"The trial court certainly could not, on its own initiative, make any effective order affirming its former judgment and thereby extend the period for perfecting an appeal. The trial court's inherent power resides only in the right of altering its former judgment and since it does not have the power on its own initiative to extend the period for appellate procedure, neither does it have the power to grant leave to file and then overrule a tardy motion for new trial, which, in effect and actuality, goes beyond its inherent jurisdiction and beyond the scope of Rule 320 and Rule 5."

■ Appellant maintains that he filed a motion with the Court on the day the judgment was entered (May 25) objecting to the proposed judgment on the same grounds that he is now before this Court. That this motion fulfilled, in every respect, the requirements of a motion non obstante veredicto (Rule 301 T.R.C.P.) in which case a motion for new trial is not required. See Rule 324 T.R.C.P. Also see Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887.

■ We agree with appellant's contention and hold that we have jurisdiction on an appeal from the court's overruling the motion for judgment non obstante. In such a case we may disregard the fact that a motion for new trial was not timely filed, however, we are limited in our consideration only to those points raised in appellant's motion non obstante veredicto. Wagner v. Foster, supra. In this motion appellant raised two issues, namely, the questions of no evidence and insufficient evidence. For reasons discussed later in this opinion our consideration here is limited to the former.

■ This Court is well aware that there is no fixed rule of evidence by which a claimant is required to establish in a compensation case the fact that he suffered an injury that caused permanent and total disability; that such disability may be established by testimony of the plaintiff alone even though his testimony may be contradicted by a medical witness; and that the jury is the sole judge of the credibility of witnesses and the weight to be given their

testimony in compensation cases. American General Insurance Company v. Florez, Tex. Civ.App., 327 S.W.2d 643; Travelers Insurance Co. v. Wade, Tex.Civ.App., 373 S. W.2d 881, er. ref., n. r. e.

There is no controversy over the fact that appellee injured his back in some manner in August of 1963 or that he was incapacitated until the date of trial. The following is the testimony on which the "total and permanent" issues could be sustained:

"Q. (Directed to appellee) How long were you in the hospital?

"A. I don't remember. Four and a half days or five days.

"Q. All the time you were in the hospital did your back ever get well?

"A. Well, it got a little better and that is all. It still hurts, you know?

"Q. Is your back hurting you now, Sam?

"A. Yes, sir, my back is hurting right now. I am tired of sitting down and it hurts me right now.

"Q. Can you sleep at nights?

"A. Sometimes I can and sometimes I can't. Sometimes I have to get me some hot towels so that I can sleep good.

"Q. Where is this pain you have in your back, Sam?

"A. It is right up here.

"Q. You are indicating about your belt line and right in the middle of your back, is that right?

"A. Yes, sir.

"Q. Does it hurt anywhere else?

"A. Right up here. I have got a pain right up here. Then when I walk I get a pain over here.

"Q. Down in your left leg?

"A. Yes, sir.

"Q. Can you get a job now, Sam?

"A. No, sir.

\* \* \* \* \* \*

"Q. Can you do any work now, Sam?

"A. No, sir.

"Q. Why can't you?

"A. Because my back hurts and I can't stand it.

"Q. Do you think this is going to be a continuing thing, Sam, this back hurting?

"A. Yes, sir. I believe it was. (Here appellant objected)

"Q. Sam, in your opinion can you get a job and hold it?

"A. No, sir.

\* \* \* \* \* \*

"Q. Sam, based on your physical condition, in your opinion do you think you are disabled right now?

"A. Yes, sir.

"Q. Okay, Sam, now based on your physical condition, of which you are well aware, in your opinion do you feel that this is getting any better right now?

"A. No, sir.

"Q. Has it gotten any better up to the present date from the time you got hurt?

"A. No, sir.

"Q. All right, Sam, in your opinion based upon your physical condition do you believe that your are ever going to be able to get a job and hold it in the future? (Here appellant objected)

"A. No sir, I don't think so.

"Q. Sam, based upon your present condition could you do any of the work now that you have done in the past?

"A. I don't think so.

\* \* \* \* \* \*

"Q. Is this pain or this condition getting any better, Sam?

"A. No. sir.

"Q. Is it staying about the same?

"A. It is staying about the same.

"Q. Does it hurt all of the time, Sam?

"A. Yes, sir, mostly all the time.

\* \* \* \* \* \*

"Q. How did you get by?

"A. Well, at first we had a little money and then Papa helped us a little bit and then we went broke.

"Q. When you went out for this Mr. Rodriguez, what did you do out there?

"A. We cut posts.

"Q. Did you cut any or what did you do?

"A. Well, my Daddy used to cut out there and I helped him a little bit and we would bring them on in and we made about $8.00 and we had to split it.

"Q. That gave you about $4.00?

"A. Four dollars, yes, sir.

"Q. How many days did you do this?

"A. Well, about six days. I would go maybe twice this week and don't go any more until maybe next week and sometimes I go every two weeks.

"Q. Now, you cut fence posts here once before for T. E. Sanderford?

"A. Yes, sir.

"Q. Are you able to cut them out there like you used to for Mr. Sanderford?

"A. No, sir.

"Q. In fact there is quite a bit of difference, isn't there, Sam?

"A. Yes, sir.

"Q. Now, the only work that you have ever done in your life has been hard manual labor, hasn't it?

"A. Yes, sir.

"Q. Pick and shovel?

"A. Pick and shovel.

"Q. Bending you back?

"A. Yes, sir.

"Q. And doing a lot of lifting and straining?

"A. Yes, sir.

"Q. In your opinion based on your present condition, do you think you are going to be able to do that any more?

"A. I don't think so."

Appellee is 38 years old and has worked all of his life as a day laborer doing heavy work. He testified that he had worked some during the past August picking up pecans and cutting cedar posts, however, he tired easily and could not work for long periods of time. He had not tried to get any other job.

Dr. R. A. Murray who treated appellee after his injury at Scott and White Clinic in Temple and who had examined him on several occasions since (the last occasion being a week before trial) testified that appellee's original injury was caused by an acute strain of his low back; that his symptoms at the time of injury would indicate such a diagnosis; that he observed appellee closely through August and September and that the symptoms disappeared; that when he examined appellee in October he was normal, that he advised appellee that he could start working in a limited capacity and gradually increase it; that when he examined appellee a week before trial he could find no symptoms of the original in-

**448**

jury. Dr. Murray then testified that x-rays had revealed no damage to the spine and that measurements of appellee's legs had revealed no diminution. When asked whether in his opinion appellee was capable of getting and keeping a job at the present time, Dr. Murray testified that he knew of no reason why he could not.

In passing on a motion for judgment notwithstanding the verdict, the trial court must be governed by the test of whether there is any evidence of probative force sufficient to raise an issue of fact. Any inference that may be reasonably drawn from the testimony must be indulged against granting the motion. And if there is any evidence of probative force sufficient to raise an issue of fact, the motion must be denied. See 33 Tex.Jur.2d, Sec. 74, p. 588 and the cases there cited. Rule 301 T.R.C.P. states that a jury finding can be disregarded only when it has no support in the evidence. Sanders v. Harder, 148 Tex. 593, 227 S.W.2d 206.

■ In the case at bar, disregarding appellee's testimony as to future probability which should not have been admitted (Traveler's Insurance Co. v. Wade, supra), there was no question but that he was injured. He also testified that he was not able to work for some nine months preceding trial in his usual capacity as a laborer and that his condition had not improved at all during this time. In viewing the evidence where a motion for instructed verdict or judgment notwithstanding the verdict is sought, all testimony must be considered in its most favorable light to one against whom instruction is to be given, and conflicts are to be disregarded and every reasonable intendment deducible from evidence indulged in his favor. McElwee v. Manufacturers Casualty Ins. Co., Tex.Civ.App., 221 S.W.2d 381, er. ref., n. r. e.

■ The jury had the right to infer that appellee was permanently disabled from the evidence presented and would not be able to do heavy work again even though

a medical witness had expressed an opinion to the contrary. Oilmen's Reciprocal Ass'n v. Harris, Tex.Civ.App., 293 S.W. 580. Moreover it was the jury's province to weigh all of the evidence, to decide what credence should be given to the whole or any part of the testimony of each witness. The jury were the judges not only of the facts proved, but of the inferences to be drawn therefrom, provided such inferences were not unreasonable. See Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194.

Inasmuch as we are precluded in this appeal from considering any points other than that of no evidence, we do not discuss appellant's remaining points.

The judgment of the trial court is affirmed.

Affirmed.