**Mrs. Netha CHANTRE, Appellant,**

v.

**NATIONAL MARITIME UNION PENSION & WELFARE PLAN et al., Appellees.**

**No. 6977.**

Court of Civil Appeals of Texas.

Beaumont.

Feb. 28, 1968.

Newton B. Schwartz, Houston, Mack H. Hannah, III, Port Arthur, for appellant.

Mandell & Wright, Houston, for appellees, William L. Wood, Jr., Houston, of counsel.

HIGHTOWER, Chief Justice.

This is an order of dismissal of appeal.

On September 25, 1967, the trial court entered an order granting defendants, National Maritime Union Pension & Welfare Plan, et al., motion for summary judgment in this case. No motion for new trial or notice of appeal was filed or given within ten days after September 25, 1967.

On October 19, 1967, attorney for appellant, plaintiff below, filed with the trial court a motion asking that the order of September 25, 1967 granting the summary judgment be withdrawn and a new order entered so as to preserve appellant's right to appeal.

Thereafter, the trial judge re-entered the same order as of October 20, 1967, and explained his reasons for so doing by letter of October 20, 1967. This letter essentially stated that the judge was withdrawing his order validly entered on September 25, 1967 and re-entering it as of October 20, solely to "cooperate so that no one's appellate rights will be cut off."

Thereafter, attorney for plaintiff gave notice of appeal from the order re-entered as of October 20, and otherwise took action to perfect his appeal.

■ We sustain defendant's motion to dismiss the appeal for failure to prosecute the same within ten days from the order of September 25, 1967. Rule 353, Section (a), Texas Rules of Civil Procedure. The trial judge did not have authority to extend the time for filing of plaintiff's motion for new trial. Rule 5, Texas Rules of Civil Procedure.

■ In A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853, the Supreme Court held that notwithstanding any inherent jurisdiction the trial court may have, it does not have inherent authority to disregard the plain language of the Rules of Civil Procedure specifying the time limits within which motion for new trial or notices of appeal must be filed. The court held at page 855:

"The trial court certainly could not, on its own initiative, make any effective order affirming its former judgment and thereby extend the period for perfecting an appeal. The trial court's inherent power resides only in the right of altering its former judgment and since it does not have the power on its own initiative to extend the period for appellate procedure, neither does it have the power to grant leave to file and then overrule a tardy motion for new trial, which, in effect and in actuality, goes beyond its inherent jurisdiction and beyond the scope of Rule 320 and Rule 5."

The appeal is dismissed.