Ceola E. STEWART, Appellant,

v.

The FIREMAN'S RELIEF AND RETIREMENT FUND TRUSTEES OF the CITY OF AUSTIN, Texas, Appellee.

No. 11978.

Court of Civil Appeals of Texas, Austin.

Jan. 17, 1973.

**744**

Bill McWhorter, McWhorter & Earley, Nacogdoches, for appellant.

Don R. Butler, City Atty., Jerry L. Harris, Asst. City Atty., Austin, for appellee.

SHANNON, Justice.

Appellant, Ceola E. Stewart, appeals from an order of the district court of Travis County overruling her motion for judgment *nunc pro tunc*. Appellee, The Fireman's Relief and Retirement Fund, Trustees of the City of Austin, Texas, filed a motion to dismiss the appeal for lack of jurisdiction to which motion appellant filed no reply.

The appeal will be dismissed for want of jurisdiction since appellant failed to give or file notice of appeal within ten days after the order was rendered.

The order overruling appellant's motion for judgment *nunc pro tunc* was signed on April 12, 1972. Notice of appeal was neither given nor filed within ten days after April 12, as required by Texas Rules of Civil Procedure 353.

Within thirty days and on May 12, 1972, the court set aside the order of April 12, for the stated reason that the attorney for the appellant had no notice of its entry, and that unless the order was set aside and a "new one" entered, appellant's right of appeal would be "frustrated."

The court on May 15, 1972, signed the "new" order. The terms of that order were precisely the same as those of the order of April 12, with the exception that it was signed on May 15. Within ten days and on May 25, 1972, appellant filed her notice of appeal from the order of May 15.

■ Though the court, after the entry of judgment, has the inherent power for thirty days to set aside, modify, or amend that judgment,[1] the court may not enlarge the period for taking an appeal.[2]

■ In setting aside the order of April 12, and in entering its new order of May 15, the court made no change in the original order, but rather entered the new order in the precise terms of the original one for the express purpose of enabling the appellant to perfect her appeal.

Since appellant's notice of appeal was not given or filed within ten days after April 12, 1972, as required by Tex.R.Civ.P. 353, this Court is without jurisdiction to hear the appeal. Donald v. John Vinson Inc., 344 S.W.2d 751 (Tex.Civ.App.1961, writ ref'd).

Appeal dismissed.

1. Tex.R.Civ.P. 329b, subdivision 5; 4 McDonald, Texas Civil Practice, § 18.03, p. 220 (Rev.Ed.1971).

2. Tex.R.Civ.P., 5; A. F. Jones & Sons v. Republic Supply Co., 151 Tex. 90, 246 S.W.2d 853 (1952); Globle Leasing Inc. v. Engine Supply & Machine Serv., 437 S.W.2d 43 (Tex.Civ.App.1969, no writ).