Stephanie S. MACKIE, Charles W. Settle, Jr., and Katherine S. Nelson, Appellants,

v.

William A. McKENZIE, Jay M. Wallace, and McKenzie and Baer, Appellees.

No. 06–94–00005–CV.

Court of Appeals of Texas, Texarkana.

Jan. 18, 1994.

Rehearing Overruled March 23, 1994.

Bennett J. Roberts, III, Houston, for appellants.

Charles T. Frazier, Jr., Andrea M. Kuntzman, Cowles & Thompson, Dallas, for appellees.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

## OPINION

BLEIL, Justice.

Stephanie Mackie, Charles Settle, Jr., and Katherine Nelson appeal from a summary judgment rendered in favor of William McKenzie, Jay Wallace, and McKenzie and Baer. We dismiss the appeal for lack of jurisdiction.

The summary judgment, signed on January 8, 1993, renders judgment for the defendants on the plaintiffs' claim against them, but does not address a remaining counterclaim brought by the defendants. Because of the pending counterclaim, the summary judgment was interlocutory. The defendants moved to sever their counterclaim, but the trial court overruled that severance motion on February 22, 1993. Thereafter, the defendants filed a motion for a nonsuit because they no longer desired to prosecute their counterclaim.

An order nonsuiting the defendants' counterclaim against the plaintiffs was signed on June 1, 1993. The plaintiffs' counsel learned that only a final judgment was appealable and therefore asked the court to sign a document entitled "Final Judgment." The trial court signed the "Final Judgment" on June 25, 1993. This document was signed during the plenary power period of the court. Thus, if the "Final Judgment" of June 25 modifies,

corrects, or reforms the earlier judgment, then the appellate timetables run from that date and the cost bond was timely filed. TEX.R.CIV.P. 306a, 329b(h). On the other hand, if the order of nonsuit establishes the date for application of the appellate timetable, the cost bond is untimely. If so, this court has no jurisdiction over the appeal.

The June 1, 1993 order nonsuiting the defendants' counterclaim against the plaintiffs makes the judgment final for all purposes as of that date, since it terminates the outstanding claims and rights of all parties. *H.B. Zachry Co. v. Thibodeaux*, 364 S.W.2d 192 (Tex.1963); *McEwen v. Harrison*, 162 Tex. 125, 345 S.W.2d 706 (1961); *Ramones v. Bratteng*, 768 S.W.2d 343, 344 (Tex.App.—Houston [1st Dist.] 1989, writ denied). A new "judgment," filed after a final judgment and serving no other purpose than to extend the appellate timetable, is without effect. *Anderson v. Casebolt*, 493 S.W.2d 509 (Tex.1973); *see also Old Republic Ins. Co. v. Scott*, 846 S.W.2d 832, 833 n. 2 (Tex.1993) (distinguishing its case from the situation where the trial court merely signs the same judgment twice). The trial court has plenary power to vacate, modify, correct, or reform its judgment within thirty days after the judgment is signed or thirty days after all timely motions for new trial are overruled. TEX.R.CIV.P. 329b(d), (e). If a judgment is modified, corrected, or reformed in any respect, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed. TEX.R.CIV.P. 329b(h). Thus, any change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected, or reformed judgment is signed. *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex.1988).

*Check* does not control the present case. The mere existence of a later-signed document labeled as a final judgment does not necessarily extend the time periods. Although the June 25 order "found" that after the counterclaim was dismissed the summary judgment was final, it ordered that the summary judgment was "hereby made final." We conclude that here, the June 25 docu-

ment does not modify, correct, or reform the prior judgment. Because June 1 was the day the judgment became final, the cost bond was not timely filed. TEX.R.APP.P. 41(a)(1).

We dismiss this appeal for want of jurisdiction.