OWENS–CORNING FIBERGLAS
CORPORATION, Appellant,

v.

Barbara WASIAK, Tyler Turner Boulo, as Personal Representative of the Heirs and Estate of Stanley Wasiak, Deceased; James Edwin Wingate, Sr.; Jean Wingate; Homer Clifton Brownlee, Sr.; Alma Brownlee; and Martha Barnes, Individually and as Personal Representative of the Heirs and Estate of James Albert Barnes, Deceased, Appellees.

No. 3–94–079–CV.

Court of Appeals of Texas,
Austin.

Aug. 31, 1994.

Kevin F. Risley, Butler & Binion, L.L.L., Houston, for appellant.

Brent M. Rosenthal, Baron & Budd, P.C., Dallas, for appellees.

Before POWERS, ABOUSSIE and JONES, JJ.

### ORDER

PER CURIAM.

On February 11, 1994, appellant Owens–Corning Fiberglas Corporation tendered a transcript to the Clerk of this Court for

filing. Pursuant to Texas Rule of Appellate Procedure 56(a), the Clerk referred the matter of whether the appeal had been properly perfected to the Court. We conclude that the appeal has been properly perfected and will order the transcript filed.

## I. DISCUSSION

The question we must decide is which of two judgments is the trial court's final judgment. *See* Tex.R.Civ.P. 301 (only one final judgment shall be rendered in any cause except when otherwise specifically provided by law). On October 14, 1993, the trial court signed its first judgment in this cause. On October 20, 1993, the trial court signed a second judgment. The two judgments are identical except for the date signed. Owens–Corning seeks to appeal from the trial-court judgment signed October 20, 1993.

On November 19, 1993, Owens–Corning filed a motion for new trial. Tex.R.Civ.P. 329b(a). On January 18, 1994, Owens–Corning filed its cash deposit in lieu of appeal bond. Tex.R.App.P. 40(a)(1). If the October 20 judgment is the trial court's final judgment, Owens–Corning filed a timely motion for new trial and timely perfected its appeal. If the October 14 judgment is the trial court's final judgment, Owens–Corning's motion for new trial was not timely and did not extend the time to perfect the appeal. If the October 20 judgment modified, corrected, reformed, or vacated the October 14 judgment, then the October 20 judgment (1) superseded the October 14 judgment, (2) is the trial court's final judgment, and (3) extended the appellate timetables.

## A. Did the October 20 Judgment Modify, Correct, or Reform the October 14 Judgment?

The October 20 judgment modified, corrected, or reformed the October 14 judgment if (1) the trial court acted within its period of plenary power when it signed the October 20 judgment, (2) the signatory date is a part of the judgment, and (3) the trial court's action in signing the October 20 judgment did not impermissibly enlarge the time to file a motion for new trial.

## 1. Trial Court May Modify, Correct, Reform, or Vacate its Judgment During Its Period of Plenary Power.

A trial court has plenary power to reverse, modify, or vacate its judgment at any time before it becomes final. *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex.1978). The trial court, regardless whether an appeal has been perfected, has plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment within thirty days after the judgment is signed. Tex.R.Civ.P. 329b(d). The trial court signed the October 20 judgment six days after signing the October 14 judgment, during the period of the trial court's plenary power.

## 2. Is the Signature Date a Part of the Judgment Such That Signing a Second Judgment That Changes Only the Signature Date Extends the Appellate Timetables?

### a. *The Signature Date is a Part of the Judgment.*

The date a judgment or order is signed determines the beginning of the periods prescribed by the Texas Rules of Civil Procedure for the court's plenary power to grant a new trial or to vacate, modify, correct, or reform a judgment or order. Tex.R.Civ.P. 306a(1). Although the absence of a showing of the date of signing does not invalidate a judgment, its omission is treated as a *clerical error* that may be *corrected* by judgment nunc pro tunc. Tex.R.Civ.P. 306a(2); *Cyrus v. State*, 601 S.W.2d 776, 777 (Tex.Civ. App.—Dallas 1980, writ ref'd n.r.e.). While a true nunc pro tunc judgment is rendered after the trial court loses plenary power, the trial court, of course, has authority to correct a clerical error during the period of plenary power and thereby extend the appellate timetables. *See* Tex.R.Civ.P. 329b(h); *Ferguson v. Naylor*, 860 S.W.2d 123, 126 (Tex.App.— Amarillo 1993, writ denied); *Alford v. Whaley*, 794 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, no writ); 6 Richard Orsinger, *Texas Civil Practice* § 11.5 (1992 ed.) (alleged nunc pro tunc judgment signed during period of trial court's plenary power over original judgment is not true nunc pro tunc

judgment; it is modified judgment that supplants court's former judgment and becomes court's final judgment, from which appeal can be taken). Thus, if a trial court neglected to include the signature date in a judgment, or if a trial court rendered a judgment that incorrectly recited the date the judgment was signed, the trial court could, during its period of plenary power, sign a second judgment that included or corrected the signature date, thereby correcting the clerical error and extending the appellate timetables. Accordingly, we conclude that a signatory date included in the judgment is a part of the judgment.

**b. A Second Judgment That Changes Only The Signature Date Extends Appellate Timetables.**

■ If a judgment is modified, corrected, or reformed *in any respect*, the time for appeal shall run from the time the modified, corrected, or reformed judgment is signed. Tex.R.Civ.P. 329b(h). *Any change*, whether material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the start of the appellate timetables until the date the modified, corrected, or reformed judgment is signed. *Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) (emphasis added); *see also Clark v. McFerrin*, 760 S.W.2d 822, 825 (Tex.App.—Corpus Christi 1988, writ denied) (reinstated judgment, identical to first except for date of entry qualified as modification, correction, or reformation of judgment and restarted appellate timetables); *cf. Holder v. Holder*, 808 S.W.2d 197, 198 (Tex.App.—El Paso 1991, no writ) (stating that second judgment signed within period of plenary power would begin appellate timetables even if only change was signatory date). We think *Check* means

what it says and that any change made in a judgment while the trial court retains plenary power delays the start of the appellate timetables. Even if we set *Check* aside, however, we believe that a second judgment signed during the trial court's period of plenary power and identical to the first except for the signature date may extend the appellate timetables with only limited exceptions.

**3. When Does A Changed Signatory Date Not Extend Appellate Timetables?**

We begin by reviewing pre-*Check* cases in which a second judgment signed during the trial court's period of plenary power and identical to the first except for the signature date did not extend the appellate timetables. *Anderson v. Casebolt*, 493 S.W.2d 509 (Tex. 1973); *Nolan v. Bettis*, 562 S.W.2d 520 (Tex. Civ.App.—Austin 1978, no writ); *Stewart v. Fireman's Relief & Retirement Fund Trustees*, 489 S.W.2d 743 (Tex.Civ.App.—Austin 1973, no writ); *Chantre v. National Maritime Union Pension & Welfare Plan*, 425 S.W.2d 659 (Tex.Civ.App.—Beaumont 1968, no writ). *See also Fireman's Fund Ins. Co. v. Martinez*, 387 S.W.2d 443 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.) (trial court interlined new date on original judgment).

In *Casebolt*, the trial court rendered two judgments that were identical except for the signatory date. *Casebolt*, 493 S.W.2d at 510. The second judgment was rendered[1] after the trial court's period of plenary power expired.[2] The supreme court stated that a trial court may not render an order that simply affirms a former judgment and thereby enlarge the period for perfecting an appeal, citing a number of cases in support of the principle that Texas Rule of Civil Procedure

---

1. For purposes of timing the appellate steps, the judgment was deemed rendered the day signed. *Anderson v. Casebolt*, 493 S.W.2d 509, 510 (Tex. 1973).

2. In *Casebolt*, the trial court attempted to vacate its first judgment thirty-three days after its rendition, action the trial court no longer had the power to take under the rules of civil procedure. Thus, on its facts, *Casebolt* stands for the proposition that the trial court lacked the power to vacate its first judgment and render the second judgment because (1) the trial court's period of

plenary jurisdiction had passed and (2) the first judgment had become final. Inexplicably, the supreme court did not expressly state that this was the basis for holding that the second judgment did not extend the time for appeal. The facts in *Casebolt* have no application to our case because, here, the trial court rendered its second judgment before its plenary power expired and the first judgment became final. Even so, we must further consider *Casebolt* because it is often cited for an entirely different procedural principle.

5 bars such an action. *Id.* at 510 (citing *A.F. Jones & Sons v. Republic Supply Co.,* 151 Tex. 90, 246 S.W.2d 853, 855 (1952); *Brown v. Vander Stucken,* 435 S.W.2d 609, 611 (Tex. Civ.App.—San Antonio 1968, no writ); *Chantre,* 425 S.W.2d at 660; *Martinez,* 387 S.W.2d at 445; *Bellmead State Bank v. Campbell,* 386 S.W.2d 205, 207 (Tex.Civ.App.—Waco 1964, no writ); *see also Nolan,* 562 S.W.2d at 522; *Stewart,* 489 S.W.2d at 744. Because *Casebolt* is repeatedly cited for this proposition, we must determine the scope, purpose, and application of the rule announced in *Casebolt.*

### a. Terms of Court & Plenary Power

The source for the rule announced in *Casebolt* is Texas Rule of Civil Procedure 5. Rule 5 provides, in pertinent part: "The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules." [3] Rule 5's prohibition against enlarging the time to file a motion for new trial limits the trial court's plenary power.

Before the adoption of Texas Rule of Civil Procedure 329b, the trial court's plenary power continued until the end of the term of court in which the judgment was rendered, at which time the judgment became final.[4] The period within which a trial court could exercise its inherent power was modified in certain specified courts by the so-called Special Practices Act [hereinafter Act] [5] and later, by

the Texas Rules of Civil Procedure. *Humble Exploration Co. v. Browning,* 690 S.W.2d 321, 323 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), *cert. denied,* 475 U.S. 1065, 106 S.Ct. 1376, 89 L.Ed.2d 602 (1986). The Act was the forerunner to Texas Rule of Civil Procedure 330 and present practice under Rules 329a and 329b. Tex.R.Civ.P.Ann. 329b cmt. (West 1977). The Act set timetables for filing, presenting, and determining motions for new trial. This scheme eliminated the problems associated with terms of court. *See id.*

In 1941, the Texas Rules of Civil Procedure became effective. The rules and subsequent amendments broadened the application of the Act in the district courts. The 1955 revisions to rules 320 and 330 and the adoption of new rules 329a and 329b sought to achieve uniformity of practice in all district courts with respect to motions for new trial. *Id.* This goal was finally achieved when noncontinuous terms in the district courts were abolished. *See* Act of May 6, 1955, 54th Leg., R.S., ch. 297, § 1, 1955 Tex.Gen.Laws 806, 806 (Tex.Civ.Stat.Ann. art. 1919, § 1, since repealed, see now Tex.Gov't Code Ann. § 24.012 (West 1988)).[6]

### b. Purpose of Rule 5's Prohibition Against Enlargement of Time

The rules setting the timetables relating to motions for new trial and for taking appeal

---

**3.** At the time *Casebolt* was decided, Rule 5 provided, in pertinent part, that the court may not:

> enlarge the period for taking any action under the rules relating to new trials or motions for rehearing except as stated in the rules relating thereto or the period for taking an appeal or writ of error from the trial court to any higher court or the period for application for writ of error in the Supreme Court, except as stated in the rules relating thereto;....

Tex.R.Civ.P. 5, 33 Tex.B.J. 703 (1970, since amended 1972, 1975, 1986, 1990). Rule 5 was amended to delete all references to appellate procedure when the Texas Rules of Appellate Procedure were adopted by order of April 10, 1986, effective September 1, 1986. *See* 49 Tex. B.J. 600 (1986, amended 1990). Today, the rule provides, in pertinent part: "The court may not enlarge the period for taking any action under the rules relating to new trials except as stated in these rules." Tex.R.Civ.P. 5. Accordingly, the sole prohibition at issue is whether the trial court

impermissibly attempted to enlarge the time to file a motion for new trial.

**4.** For a discussion of the problems associated with this system, see Tex.R.Civ.P. 329b cmt. (West 1977).

**5.** Act approved Mar. 21, 1923, 38th Leg., R.S., ch. 105, sec. 1, art. 1969a, § 16, 1923 Tex.Gen. Laws 215, 221 (1911 Tex.Rev.Civ.Stat. art. 1969a, § 16, since amended, repealed, and re-enacted; see now Tex.R.Civ.P. 330, 329a, 329b).

**6.** The elimination of the jurisdictional effects of terms of court in the county courts did not parallel developments in the district courts. The 1961 amendments of Rules 329a and 329b made district-court practice with respect to pending and unfinished matters and motions for new trial applicable in county courts in so far as possible. Tex.R.Civ.P.Ann. 329b cmt. (West 1977); *see* Tex. R.Civ.P. 329a, 329b, 23 Tex.B.J. 619, 681–82 (1960).

are meant to provide a uniform time when a judgment is final and to eliminate the uncertainty that was associated with tying the trial court's period of plenary power to the term of court. *See* Tex.R.Civ.P.Ann. 329b cmt (West 1977). Rule 5 prevents the trial court from using its plenary power to circumvent the timetables relating to new trials and thereby undermine the rules' underlying purposes. *See Humble*, 690 S.W.2d at 325, 328 (court should not act contrary to or in circumvention of rule, otherwise rule would have no meaning because court could by inherent power exempt itself from rule; when rule authorizes court to act in specific manner, court cannot act contrary to rule).

### c. Scope of Rule 5's Prohibition

█ Every time a trial court signs a modified, corrected, or reformed judgment, the time to file a motion for new trial is extended because the date the second judgment is signed becomes the date from which the time to file a motion for new trial is computed. Tex.R.Civ.P. 329b(h). Rule 329b(h) and Rule 5 do not conflict, however, because Rule 5 allows the trial court to enlarge the period for taking action under the rules relating to new trials if the rules make provision for such enlargement. Thus, the trial court can enlarge the time to file a motion for new trial by correcting, modifying, or reforming its judgment during its period of plenary power, with certain limitations. Tex.R.Civ.P. 329b(h); *Check*, 758 S.W.2d at 756; *Casebolt*, 493 S.W.2d at 510.

█ In *A.F. Jones, Vander Stucken, Chantre, Martinez,* and *Bellmead* (the authorities relied on in *Casebolt*), the trial court's signing of the second judgment had the effect of enlarging the time to file a motion for new trial or perfect an appeal after the time to do so had expired under the rules setting those timetables, even though the court's plenary power had not yet expired. *See also Nolan*, 562 S.W.2d at 522; *Stewart*, 489 S.W.2d at 744. In *Casebolt*, the trial court attempted to act in a similar manner outside its period of plenary power. *Casebolt*, 493 S.W.2d at 510. In each case, the reviewing court, relying directly or indirectly on former Rule 5's prohibition against enlargement of time, concluded that the judgments or orders did not extend the appellate timetables because former Rule 5 prohibited such enlargement of time. *Casebolt*, 493 S.W.2d at 510; *A.F. Jones*, 246 S.W.2d at 855; *Nolan*, 562 S.W.2d at 522; *Stewart*, 489 S.W.2d at 744; *Vander Stucken*, 435 S.W.2d at 611; *Chantre*, 425 S.W.2d at 660; *Martinez*, 387 S.W.2d at 445; *Bellmead*, 386 S.W.2d at 207. We believe the scope of Rule 5's prohibition is limited to (1) a trial court's attempt to act outside its period of plenary power or (2) actions of the trial court, although taken while the court retains plenary power, that enlarge the time to file a motion for new trial after the time to do so has already expired under the rules. This reading of Rule 5 is consistent with the facts in both *Casebolt* and the authorities on which it relies, our opinions on the subject,[7] and the purpose of Rule 5.

*Casebolt* has been more broadly applied. *See Mackie v. McKenzie*, 872 S.W.2d 11, 12 (Tex.App.—Texarkana 1994, writ requested) (court of appeals relied on *Casebolt* for proposition that new judgment signed during period of plenary power and before time to file motion for new trial expired served no other purpose than to extend appellate timetables and was without effect).[8] The *Mackie* court, however, expanded *Casebolt's* application beyond its factual context. Additionally, we must construe the rules liberally so that the right to appeal is not lost by creating a requirement not absolutely necessary from

---

7. *Nolan*, 562 S.W.2d at 522; *Stewart*, 489 S.W.2d at 744; *Martinez*, 387 S.W.2d at 445.

8. In *Mackie*, the trial court rendered an interlocutory summary judgment and then rendered an order nonsuiting the defendant's remaining counterclaim. The trial court then rendered a second judgment within the court's period of plenary power and before the time to file a motion for new trial or perfect appeal had expired. This second judgment, entitled "Final Judgment," "found" that the summary judgment was final after the counterclaim was dismissed, and ordered that the summary judgment was "hereby made final." *Mackie* relied on *Casebolt* for the proposition that the new judgment served no other purpose than to extend the appellate timetables and was without effect. *Mackie v. McKenzie*, 872 S.W.2d 11, 12 (Tex.App.—Texarkana 1994, no writ).

the literal words of the rules. *Jamar v. Patterson*, 868 S.W.2d 318, 319 (Tex.1993). For these reasons, we decline to follow *Mackie*. So long as the trial court acts during its period of plenary power and before the time to file a motion for new trial expires, its actions do not run afoul of the rule in *Casebolt*.

### d. The Original Scope of Rule 5's Prohibition Has Narrowed With Changes in Timetables Governing Motions For New Trial and Time to Appeal.

When *Casebolt* was decided, the Texas Rules of Civil Procedure prescribed deadlines for the filing of a motion for new trial and for perfecting appeal that passed before the trial court's plenary power over its judgment expired.[9] Today, a trial court no longer retains plenary power over its judgment after the time to file a motion for new trial or to perfect appeal has expired in the "ordinary appeal."[10] The trial court's period of plenary power over its judgment and the last day to file a motion for new trial or perfect appeal are the same: thirty days after the date the judgment is signed. *See* Tex. R.Civ.P. 329b(a), (d); Tex.R.App.P. 41(a). In only one instance does the deadline to perfect an appeal expire before the end of the trial court's period of plenary power. In an "extended appeal" (one in which either (1) a motion for new trial or to modify, correct, or reform the judgment, or (2) a request for findings of fact and conclusions of law is

filed), the appellant must perfect the appeal within ninety days after the date the judgment is signed. *See* Tex.R.App.P. 41(a)(1). If a motion for new trial or to modify, correct or reform the judgment is overruled on the seventy-fifth day after the judgment is signed, either by order or by operation of law, the trial court's period of plenary power to change its judgment continues to the 105th day after the date the judgment was signed.[11] *See* Tex.R.Civ.P. 329b(e); Tex. R.App.P. 41(a). In such a situation, *Casebolt* may prohibit the trial court from rendering an order after the ninetieth day that simply affirms its former judgment thereby giving an aggrieved party a new opportunity to perfect an appeal after the initial ninety-day opportunity was lost. We do not decide this question, however, because it is not presented here.

### 4. Was The Sole Purpose of the October 20 Judgment to Enlarge the Time for Appeal?

In *Casebolt*, the supreme court concluded that the second judgment served no other purpose than to enlarge the time for appeal and based this conclusion on a recital in the trial court's second order. *Casebolt*, 493 S.W.2d at 510. *See also Nolan*, 562 S.W.2d at 522; *Stewart*, 489 S.W.2d at 744; *Chantre*, 425 S.W.2d at 660; *Martinez*, 387 S.W.2d at 445 (in each case, reviewing court relied on

---

9. Rule 329b formerly provided, in pertinent part:
   1. A motion for new trial when required shall be filed within ten (10) days after the judgment or other order complained of is rendered.

   . . . .

   5. Judgments shall become final after the expiration of thirty (30) days after the date of rendition of judgment or order overruling an original or amended motion for new trial.

   . . . .

   *. . . The failure of a party to file a motion for new trial within the ten (10) day period prescribed in subdivision 1 of this rule shall not deprive the court of jurisdiction to set aside a judgment rendered by it, provided such action be taken within thirty (30) days after the judgment is rendered. The filing of a motion for new trial after ten (10) days have expired and before thirty (30) days have expired since the rendition of the judgment shall not operate to extend the court's jurisdiction over the judgment for a period of more than thirty (30) days from the date of the rendition of judgment.*

Tex.R.Civ.P. 329b(1), (5), 29 Tex.B.J. 735, 779 (1966, since amended 1973, 1977, 1980, 1983, 1987) (emphasis added).
   Tex.R.Civ.P. 353(a) formerly provided, in pertinent part:
   (a) An appeal, when allowed by law, may be taken by notice of appeal . . . such notice to be given or filed within ten days after judgment or order overruling motion for new trial is rendered.
   Tex.R.Civ.P. 353(a), 25 Tex.B.J. 371, 432 (1962, since amended 1975, 1980, and repealed 1986).

10. An "ordinary appeal" refers to an appeal where no motion or request has been filed that operates to extend the beginning of the appellate timetables beyond thirty days from the date the judgment is signed.

11. One way to eliminate this fifteen-day "window" would be to amend Rule 329b(c), replacing "seventy-five days" with "sixty days."

recitations in record to conclude that sole purpose in signing judgment or order identical to first, or in interlining new date, was to extend time for appeal). Even if we assumed that *Casebolt* applied to trial-court actions taken while the trial court retains plenary power and before the deadline to file a motion for new trial expires, we are unable to conclude that the sole purpose of the October 20 judgment was to extend the appellate deadlines.[12]

Neither the October 20 judgment nor the record in this cause indicate that the trial court's purpose in signing the October 20 judgment was to extend the time to file a motion for new trial or perfect an appeal. The second judgment was signed only six days after the first and more than three weeks before the deadline to file the motion for new trial. Nothing in the record on or before October 20, 1993, indicated that Owens–Corning would fail to file a motion for new trial within thirty days after the October 14 judgment.

Moreover, we question whether it can ever be said that the sole purpose of a second judgment is to enlarge the appellate timetables, absent an express indication in the record. Consider, for example, the effect of a second judgment on the award of post-judgment interest. Here, the October 20 judgment, in addition to extending the appellate timetables, affected the date from which postjudgment interest accrued. The October 20 judgment recites that "postjudgment interest on the amounts owed by defendant to plaintiffs' shall accrue at the rate of TEN PERCENT (10%) per annum from the date the judgment is signed until it is satisfied pursuant to Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, §§ 2 and 3." *See* Tex.Rev.Civ.Stat.Ann. art. 5069–1.05, § 3 (West Supp.1994). Thus, the trial court's October 20 judgment changed the amount of postjudgment interest

that accrued and did not merely affirm the first judgment.

Additionally, it is possible that the trial court signed the October 20 judgment because the signature date of the October 14 judgment was incorrect.[13] On this record, we are unable to conclude that the October 20 judgment served no other purpose than to extend the appellate timetable.

### 5. The October 20 Judgment Modified, Corrected, or Reformed the October 14 Judgment.

*Casebolt* was decided before the addition of subsection (h) to Rule 329b and the decision in *Check*. *Casebolt* construes Rule 5 and *Check* construes Rule 329b. As a general rule of construction, the rules must be harmonized when possible. *See Ex parte Godeke*, 163 Tex. 387, 355 S.W.2d 701, 704 (1962); *U.S. Resources, Inc. v. Placke*, 682 S.W.2d 403, 405 (Tex.App.—Austin 1984, no writ). Additionally, we reiterate our policy to construe the rules reasonably but liberally, when possible, so that the right to appeal is not lost by implying a requirement not absolutely necessary from the literal words of the rules. *Jamar*, 868 S.W.2d at 319.

*Casebolt* does not stand for the proposition that a second judgment identical to the first except for the signatory date is insufficient to extend the appellate timetables. *Casebolt*, 493 S.W.2d at 510; *see also McFerrin*, 760 S.W.2d at 825 (change in date of reinstated judgment modified judgment to start anew timetables for appellate review); *Mesa Agro v. R.C. Dove & Sons*, 584 S.W.2d 506, 510 (Tex.Civ.App.—El Paso 1979, writ ref'd n.r.e.) (Rule 5 does not make distinction between second judgment that makes changes or corrects first judgment and one that is re-rendition of identical judgment). *Cf. Holder*, 808 S.W.2d at 198 (stating that second judgment signed within period of ple-

---

**12.** We will assume, for purposes of discussion, that the trial court's purpose in signing a second judgment is a valid consideration in determining whether to give effect to the October 20 judgment. Although nothing in Rule 5 relates to the *reason* for rendering a second judgment, the purpose of Rule 5's prohibition against enlarging time is to prevent the trial court from using its plenary power to circumvent the timetables relat-

ing to motions for new trial set forth in the rules, thereby undermining the rules' purpose in providing certainty to the finality of judgments.

**13.** It is also possible that the trial judge simply forgot he had signed the October 14 judgment when he signed the October 20 judgment.

nary power and identical to first except for signatory date would begin appellate timetables, citing *Check*).

Rather, the *Casebolt* analysis should focus on whether a trial court renders an order simply affirming a former judgment (1) after its period of plenary power has expired or (2) during its period of plenary power but after the time to file a motion for new trial or perfect an appeal has expired and the record indicates that the sole purpose of the order was to extend the appellate timetables. *Casebolt*, 493 S.W.2d at 510; *Mesa Agro*, 584 S.W.2d at 511. *But see* Thomas H. Crofts Jr., *Perplexities of Post–Judgment Plenary Power*, 20 Tex.Tech.L.Rev. 1129, 1148 (1989) (second judgment that merely substitutes another date of rendition or name of another judge probably would not be regarded as judgment that changes and, therefore, impliedly vacates prior judgment).

Here, the second judgment was signed six days after the first judgment; that is, the trial court signed the October 20 judgment during its period of plenary power and before any applicable deadline for filing a motion for new trial or perfecting an appeal had passed. The record is silent as to the trial court's intent or purpose in signing the October 20 judgment. We hold that the October 20 judgment modified, corrected, or reformed the October 14 judgment.

## B. Did the October 20 Judgment Vacate the October 14 Judgment?

### 1. The Rule in *Mullins v. Thomas*

Neither the October 20 judgment nor the record in this cause demonstrate the trial court's intent to vacate the October 14 judgment. In *Mullins v. Thomas*, 136 Tex. 215, 150 S.W.2d 83, 84 (1941), the supreme court stated that the signing of a second judgment in the same case is not a vacation of the first judgment; if the first judgment does not

affirmatively state that it is vacated, the second judgment is a nullity. At the time *Mullins* was decided, Revised Statutes article 2211 provided, in pertinent part: "Only one final judgment shall be rendered in any cause except where it is otherwise specially provided by law." [14] Revised Statutes, 39th Leg.R.S., § 1, art. 2211, 1925 Tex.Rev.Civ. Stat. 1, 593 (since amended and repealed, see now Tex.R.Civ.P. 301). The rule in *Mullins* provided a reviewing court a means for determining which of two or more judgments should be treated as the trial court's final judgment.

■ It is not necessary, however, that the second judgment expressly state that the first judgment is vacated. *See B & M Mach. Co. v. Avionic Enters, Inc.*, 566 S.W.2d 901, 901–02 (Tex.1978) (second judgment's caption showed that it reformed and, in effect, vacated first judgment); *City of West Lake Hills v. State*, 466 S.W.2d 722, 726 (Tex.1971) (second judgment's caption and provisions for costs of court enough to show that second judgment replaced first judgment and extended appellate deadlines). *Mullins, B & M*, and *City of West Lake Hills* reflect the supreme court's unwillingness to imply that the trial court's act in signing a second judgment demonstrates an intent to vacate the first judgment, if nothing else in the record affirmatively shows the trial court's intent to do so. These cases, however, were decided before the addition of subsection (h) to Rule 329b and the supreme court's decision in *Check*.

### 2. Harmonizing *Mullins* and *Check*

■ *Check* construed Rule 329b(h). *Mullins* is based on the one-final-judgment rule carried forward in Rule 301. *Check* did not expressly overrule *Mullins*. If we assume that *Check* did not implicitly overrule *Mullins*, then *Check* and *Mullins* must be

---

14. Although the supreme court in *Mullins* did not discuss the legal rationale underlying this principle, it cited to the authorities in the court-of-civil appeals opinion. *Mullins*, 150 S.W.2d at 84. The court-of-civil appeals opinion, in turn, referred to article 2211. *Thomas v. Mullins*, 127 S.W.2d 559, 561 (Tex.Civ.App.—Amarillo, 1939), *rev'd on other grounds*, 136 Tex. 215, 150 S.W.2d 83 (1941). The court of civil appeals reasoned

that because a final judgment had been rendered and no motion to set it aside, vacate it, or grant a new trial had been filed, and the court had rendered no order to that effect, there was no case pending before the court when the second judgment was rendered. The court, therefore, was without authority to render another final judgment. *Id.*

read in a manner that harmonizes the rules and so that the right to appeal is not lost by creating a requirement not absolutely necessary from the literal language of the rules. *Jamar,* 868 S.W.2d at 319; *Placke,* 682 S.W.2d at 405; *Godeke,* 355 S.W.2d at 704. Additionally, when the governing language in the rules is changed or amended, we presume a change is intended in the existing law. *Pelham Mfg. Co. v. Ridlehuber,* 356 S.W.2d 502, 504 (Tex.Civ.App.—Waco 1962, writ ref'd n.r.e.).

Neither Rule 329b(h) nor *Check* require that the modified, corrected, or reformed judgment indicate the trial court's intent to vacate the first judgment before the second judgment will be given effect. We believe that the supreme court's promulgation of Rule 329b(h) and its decision in *Check* mean that *any* change in a judgment made by the trial court during its period of plenary power should be treated as a modified, corrected, or reformed judgment that presumptively vacates the trial court's former judgment unless the record indicates a contrary intent. Crofts, 20 Tex.Tech L.Rev. at 1148 (supreme court obviously meant in *Check* that subsequent judgments incorporating even immaterial and insubstantial changes qualify as modified judgments which presumably vacate pre-existing judgment by implication). *See also Alford v. Whaley,* 794 S.W.2d 920, 922 (Tex.App.—Houston [1st Dist.] 1990, no writ) (second judgment restarted appellate timetables even though neither second judgment nor record indicated that first judgment was vacated).[15] Nothing in the record indicates that the trial court did not intend to vacate the October 14 judgment. We hold that the October 20 judgment implicitly vacated the October 14 judgment. Thus, the October 20 judgment superseded the October 14 judgment. *Ferguson v.*

*Naylor,* 860 S.W.2d 123, 127 (Tex.App.— Amarillo 1993, writ denied) (once judgment is vacated and reformed, it is superseded; original judgment is effectively dead, is not susceptible to appeal, and cannot become a final judgment from which an appeal can be taken; that second judgment repeats provisions of former judgment is not a factor to be considered). Accordingly, the October 20 judgment is the only final judgment in this cause.

## CONCLUSION

We hold that the October 20 judgment operated to start the appellate timetables on the date it was signed. Thus, Owens–Corning timely filed its motion for new trial and cash deposit in lieu of appeal bond. Accordingly, we order the transcript filed as of the date received, February 11, 1994, and the first and second supplemental transcripts filed as of March 4, 1994, and March 25, 1994, respectively.

It is so ordered.

---

15. Several courts have followed *Mullins* when confronted with a second-judgment problem. *See Azbill v. Dallas County Child Protective Servs. Unit,* 860 S.W.2d 133, 139 (Tex.App.—Dallas 1993, no writ); *Charles L. Hardtke, Inc. v. Katz,* 813 S.W.2d 548, 550 (Tex.App.—Houston [1st Dist.] 1991, no writ); *410/West Avenue Ltd. v. Texas Trust Savings Bank,* 810 S.W.2d 422, 425 (Tex.App.—San Antonio 1991, no writ); *Gainesville Oil & Gas Co., Inc. v. Farm Credit Bank,* 795 S.W.2d 826, 828 (Tex.App.—Texarkana 1990, no writ). With the exception of *Azbill,* these cases do not discuss Rule 329b(h) or *Check* and do not attempt to harmonize the underlying rules. *Azbill* discussed *Check,* but applied *Mullins.* In doing so, however, the Dallas court ignored the fact that nothing in the record in *Check* demonstrated the trial court's intent to vacate its first judgment. Thus, when the second judgment in *Check* replaced the first judgment, it implicitly vacated the first judgment. Otherwise, in *Check,* two judgments existed in violation of Rule 301.