

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-00195-CV

IN RE HARRY MATTHEW FRY                                    RELATOR

------------

ORIGINAL PROCEEDING

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Relator, Harry Matthew Fry, filed a petition for writ of mandamus complaining of the May 28, 2008 order entered by the Respondent, Judge William Harris of the 233rd District Court, which declared the July 28, 1999

---

[1] *See* Tex. R. App. P. 47.4.

"Order of Enforcement of Contempt, For Suspension of Commitment, and Modification of Child Support" signed and entered by the 254th District Court of Dallas County void as a matter of law. Relator asks this court to order the trial court to vacate the May 28, 2008 order and enter a new order reinstating the July 28, 1999 order. Relator also filed a motion for emergency relief in which he asks this court to issue an order staying any further proceedings to confirm the child support arrearage in cause number 233-410726 and staying and abating the Texas Attorney General's *Administrative Writ of Withholding* and *Notice to Withhold For Healthcare Coverage"* until this court resolves the issues raised in the petition for writ of mandamus. We issued an order granting a stay of the proceedings in cause number 233-410726 and denying the motion to stay and abate the administrative writ of withholding and notice to withhold for healthcare coverage. We will grant Relator's petition for writ of mandamus.

## II. Factual and Procedural Background

On December 6, 1990, Relator and Real Party in Interest, Stacy Lynn Fry aka Stacy Caylor, were divorced in the 254th trial court. On April 15, 1992 or April 16, 1992, the 254th trial court entered a support order for two minor children, Elizabeth and Cydney. On July 26, 1999, the 254th trial court signed and entered an Order of Dismissal for want of prosecution on the Motion for Enforcement of Child Support Order. However, two days later, on July 28,

2

1999, the 254th trial court signed and entered the Order of Enforcement of Contempt, For Suspension of Commitment, and Modification of Child Support.[2]

On November 6, 2007, after the case was transferred to Tarrant County, the associate judge of the 233rd trial court held a hearing regarding the validity of the prior court orders on the motion to confirm support and ruled that the July 28, 1999 order was void. Relator appealed the ruling to the district court, and on January 2, 2008, the matter was heard de novo by Judge Harris. However, the court entered a default judgment against Relator because he and his counsel failed to appear at the January 2, 2008 hearing.

On March 3, 2008, the attorney general's office filed an amended motion to confirm arrearage. On May 28, 2008, the 233rd trial court entered an order finding that the July 28, 1999 order was void as a matter of law and ordered the parties to amend their pleadings to proceed on the order in effect immediately prior to the July 28, 1999 order. On June 2, 2008, Relator filed a motion for new trial arguing that his failure to appear at the January 2008 hearing was due to accident and mistake. The motion for new trial was overruled by operation of law. Relator then appealed the trial court's May 28,

---

[2] On December 6, 2000, in the 254th trial court, Relator's parental rights were terminated as to Cydney, who was determined not to be Relator's biological child, and she was simultaneously adopted by her step-father.

2008 order to this court, which issued an opinion on September 25, 2008, dismissing the appeal for want of jurisdiction.

Thereafter, the attorney general's office sent a notice to withhold for healthcare coverage for Cydney and an administrative writ of withholding dated May 12, 2009 to Relator's employer, ordering the employer to deduct $1,060 per month from Relator's pay for past due child support for Elizabeth and Cydney.

## III.  Analysis

### A.  Relator's Contentions

In his petition for writ of mandamus, Relator contends that the trial court had no authority to enter the May 28, 2008 order setting aside the July 28, 1999 order almost nine years after plenary power had expired.  Relator argues that a trial court's plenary power over a case generally ends thirty days after a final judgment is signed when no post-verdict motion is filed and that, after the trial court's plenary power has expired, it has no authority to set aside a final judgment except by bill of review.  *See* Tex. R. Civ. P. 329b(d), (f); *Thursby v. Stovall*, 647 S.W.2d 953, 954 (Tex. 1983).  Relator further contends that Caylor did not timely file a bill of review in support of her contention that the July 28, 1999 judgment was void.  Therefore, Relator argues that the trial court abused its discretion by entering the May 28, 2008 judgment which set aside

4

the July 28, 1999 judgment as "void as a matter of law." Relator also argues that any change in judgment during the trial court's plenary power should be treated as a modified, corrected, or reformed judgment that presumptively vacates the trial court's former judgment unless the record indicates a contrary intent. *See Owens-Corning Fiberglas Corp. v. Wasiak*, 883 S.W.2d 402, 411 (Tex. App.—Austin 1994, no writ). Relator argues that there is no record of a contrary intent; accordingly, the July 28, 1999 judgment modified, corrected, or reformed the July 26, 1999 order of dismissal.

### B. Caylor's Response

Caylor responds that the trial court did not abuse its discretion by finding that the July 28, 1999 order was void as a matter of law because that order did not dispose of all parties and, therefore, was not final. Specifically, Caylor argues that the July 28, 1999 order did not address the claims of the attorney general, set forth the agreement of the attorney general, or even acknowledge that the attorney general was part of the case. Thus, Caylor contends that the July 28, 1999 order could not have been a final order as it did not dispose of all issues and all parties. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Caylor further contends that, unlike the July 28, 1999 order, the July 26, 1999 order dismissing the case for want of prosecution had addressed all issues and all parties and was therefore a final order. Caylor additionally

5

argues that in order for the July 28, 1999 order to have effect it needed to clearly indicate that it intended to vacate, set aside, amend, or modify the July 26, 1999 order, which it did not. *See In re Hamilton*, 975 S.W.2d 758, 760 (Tex. App.—Corpus Christi 1998, pet. denied).

## C. Attorney General's Response

In its response, the attorney general agrees with Relator's contention that the July 28, 1999 order is a valid modified or corrected judgment signed within the trial court's plenary power. The attorney general contends that the parties have not shown anything in the record indicating that the trial court signed the July 28, 1999 order for the sole purpose of extending the appellate timetable. *See Mackie v. McKenzie*, 890 S.W.2d 807, 808 (Tex. 1994). Therefore, the attorney general argues that,

> [A]ny change, whether or not material or substantial, made in a judgment while the trial court retains plenary power, operates to delay the commencement of the appellate timetable until the date the modified, corrected or reformed judgment is signed.

*See Check v. Mitchell*, 758 S.W.2d 755, 756 (Tex. 1988) (per curiam).

The attorney general contends that the trial court's July 28, 1999 judgment made sufficient changes to the July 26, 1999 dismissal order to satisfy the *Check* standard and, thus, created a new judgment. *See In re J.L.*, 163 S.W.3d 79, 83 (Tex. 2005). Accordingly, the attorney general argues that

6

the July 26, 1999 order was vacated by the July 28, 1999 final judgment enforcing and modifying the child support. *See Abercia v. Kingvision Pay-Per-View, Ltd.*, 217 S.W.3d 688, 706 (Tex. App.—El Paso 2007, pet. denied); *Quanaim v. Frasco Restaurant & Catering*, 17 S.W.3d 30, 40 (Tex. App.—Houston [14th Dist.] 2000, pet. denied); *Owens-Corning Fiberglas Corp.*, 883 S.W.2d at 411.

The attorney general further contends that Caylor's reliance on *Hamilton* is misplaced because the *Hamilton* court relied solely on cases pre-dating *Check* to follow a rule no longer in effect. *See McCormack v. Guillot*, 597 S.W.2d 345, 346 (Tex. 1980); *Poston Feed Mill Co. v. Leyva*, 438 S.W.2d 366, 368 (Tex. Civ. App.—Houston [14th Dist.] 1969, writ dism'd w.o.j.). Because *Hamilton* ignored both *Check* and *Mackie* as well as the language from Rule 329b upon which *Check* relies, the attorney general argues that *Check*, not *Hamilton*, controls in this case. We agree.

Lastly, the attorney general disagrees with Caylor's argument that the July 28, 1999 order did not dispose of all issues and parties because it did not address the claims of the attorney general, set forth the agreement of the attorney general, or acknowledge that the attorney general was part of the case. Specifically, the attorney general points out that the order recites the appearance of an assistant attorney general; was not an agreed order because

7

it was signed by Relator and Caylor without any such notation; states that the proceedings were brought under Part D of Title IV of the federal Social Security Act; states that all matters of law and fact were presented; and states that the allegations of the motion for enforcement were correct and proven. The attorney general is the state's designated Title IV-D agency authorized to bring such a IV-D proceeding to enforce and modify child support. *See* Tex. Fam. Code Ann. §§ 231.001, 231.101(a) (Vernon 2009). Accordingly, the attorney general argues that because the order acknowledges that it was a party, grants a child support arrearage judgment against Relator in its favor, orders that child support be paid through the attorney general, and concludes by stating that all relief requested and not expressly granted is denied, the order appears to be a final judgment disposing of all issues and parties. We agree.

## D. Legal Authority

Proceedings related to the trial court's judgment after its plenary power has expired are generally beyond the trial court's jurisdiction. *See In re Dickason*, 987 S.W.2d 570, 571 (Tex. 1998) (orig. proceeding); *Coleman v. Sitel Corp.*, 21 S.W.3d 411, 413 (Tex. App.—San Antonio 2000, no pet.) (holding that the trial court had no jurisdiction to change or vacate its judgment after its plenary power had expired); *Moore v. Brown*, 993 S.W.2d 871, 874 (Tex. App.—Fort Worth 1999, pet. denied) (stating that once "a trial court's

8

plenary power has expired, it has no jurisdiction to modify or change its original judgment except by bill of review"); *see also State ex rel. Latty v. Owens*, 907 S.W.2d 484, 486 (Tex. 1995) ("Judicial action taken after the court's jurisdiction over a cause has expired is a nullity.").

Rule of civil procedure 165a governs the reinstatement of cases dismissed for want of prosecution. Tex. R. Civ. P. 165a. The rule requires a party seeking reinstatement to file a verified motion to reinstate within thirty days after the court signs the dismissal order or within the time provided by rule of civil procedure 306a. *See* Tex. R. Civ. P. 165a(3), 306a; *see also McConnell v. May*, 800 S.W.2d 194, 194 (Tex. 1990) (orig. proceeding). In the absence of a verified motion to reinstate, the trial court's plenary jurisdiction expires thirty days after the date on which it signed the final order of dismissal. *See* Tex. R. Civ. P. 165a(3); *Owen v. Hodge*, 874 S.W.2d 301, 303 (Tex. App.—Houston [1st Dist.] 1994, no writ). However, a trial court retains plenary power to reinstate a case on its own motion within thirty days after the order of dismissal is signed. Tex. R. Civ. P. 329b(d); *see Neese v. Wray*, 893 S.W.2d 169, 170 (Tex. App.—Houston [1st Dist.] 1995, no writ) (holding that a trial court, acting within its plenary power, may reinstate a case on its own motion or at the request of a party who filed an unverified motion); *City of*

*McAllen v. Ramirez*, 875 S.W.2d 702, 704 (Tex. App.—Corpus Christi 1994, no writ).

### E.  Conclusion

In the instant case, the trial court's July 28, 1999 order clearly reinstated the case while it retained plenary power.  Accordingly, we hold that the 233rd trial court abused its discretion by signing and entering the May 28, 2008 order finding the July 28, 1999 order void because the trial court retained plenary power to reinstate the case through its July 28th order.  Tex. R. Civ. P. 329b(d); *see Neese*, 893 S.W.2d at 170; *Ramirez*, 875 S.W.2d at 704.  We conditionally grant Relator's petition for writ of mandamus.  We are confident that the trial court will vacate its order of May 28, 2008, and the writ will issue only if the trial court fails to do so.

ANNE GARDNER
JUSTICE

PANEL:  GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: March 17, 2010